# EXHIBIT 1

**EXECUTION COPY**

## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales Practices Litigation, | Case No. 2:15-md-02661 |
| | Judge Michael H. Watson |
| | Chief Magistrate Judge Elizabeth Preston Deavers |
| | **STIPULATION OF SETTLEMENT AND RELEASE** |
| This document relates to: ALL CASES | |

This Stipulation of Settlement and Release (the "Stipulation" or "Agreement"), dated as of the date of the last signature below, is made and entered into pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(e) by and among the undersigned plaintiffs (collectively, "Plaintiffs"), on behalf of themselves and each of the Settlement Class Members (as defined below), and Defendant American Honda Motor Co., Inc. ("Honda" or "Defendant") in the above-captioned multi-district litigation (the "Litigation"), by and through their undersigned counsel. The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the "Settled Claims" and the "Plaintiff Settled Claims" (as defined below), upon and subject to the terms and conditions hereof.  Plaintiffs and Honda are each a "Party" and collectively referred to herein as "the Parties."

**EXECUTION COPY**

## 1.  RECITALS

**1.1.**    **WHEREAS**, the following proposed class actions were filed in various courts around the United States (the "Underlying Actions"):

**1.1.1.**    *Romaya v. American Honda Motor Co., Inc*., Case No. 2:15-03938 (C. D. Cal., filed May 26, 2015);

**1.1.2.**    *Oakes v. American Honda Motor Co., Inc*., Case No. 8:15-01076 (C. D. Cal., filed July 7, 2015);

**1.1.3.**    *Matiscik v. American Honda Motor Co., Inc*., Case No. 2:15-02612 (S. D. Ohio, filed July 15, 2015);

**1.1.4.**    *Ward v. America Honda Motor Co., Inc*., Case No. 3:15-00767 (M. D. Tenn., filed July 13, 2015);

**1.1.5.**    *Cushing v. American Honda Motor Co., Inc*., Case No. 3:15-00028 (W. D. Va., filed June 24, 2015);

**1.1.6.**    *Flanigan v. American Honda Motor Co., Inc*., Case No. 3:15-05390 (W. D. Wa., filed June 8, 2015);

**1.1.7.**    *Vazquez v. American Honda Motor Co., Inc*., Case No. 15-00442 (N. D. Fla., filed September 11, 2015);

**1.1.8.**    *Greenstone v. American Honda Motor Co., Inc*., Case No.15-00807 (W. D. Ky., filed October 28, 2015);

**1.1.9.**    *Kogan v. American Honda Motor Co., Inc*., Case No.16-1413 (E. D. N. Y., filed March 22, 2016); and

**1.1.10.**    *Bertram v. American Honda Motor Co., Inc*., Case No.16-01120 (W. D. Mo., filed October 19, 2016).

1.2.    **WHEREAS**, the Underlying Actions were transferred and consolidated by the Judicial Panel on Multidistrict Litigation (J.P.M.L.) to the Southern District of Ohio, Eastern Division, into M.D.L. No. 2661 before the Honorable Judge Michael H. Watson and the Honorable Chief Magistrate Judge Elizabeth P. Deavers;

1.3.    **WHEREAS**, pursuant to Pretrial Order No. 1, Judge Watson ordered Plaintiffs' counsel to file applications to serve as liaison and/or lead counsel for Plaintiffs on or before November 13, 2015, and also for Plaintiffs to file a consolidated complaint within thirty (30) days of appointment of interim lead and liaison counsel (ECF No. 9);

1.4.    **WHEREAS**, the Court considered applications for interim lead counsel and liaison counsel and appointed Gibbs Law Group LLP (the "Gibbs Firm") attorneys Eric H. Gibbs and David K. Stein interim co-lead counsel and appointed Isaac Wiles Burkholder Teetor, LLC (the "Isaac Wiles Firm") attorneys Gregory M. Travalio and Mark H. Troutman interim liaison counsel (ECF No. 15);

1.5.    **WHEREAS**, the Court authorized the Gibbs Firm to, among other things, "[e]xplore, develop, and pursue settlement options with Defendant on behalf of Plaintiffs but not enter binding agreements except to the extent expressly authorized" (*Id*.);

1.6.    **WHEREAS**, on or around December 2, 2015, Honda released a Technical Service Bulletin (TSB) 15-046 (Exhibit A hereto), describing three (3) vehicle modifications (also referred to as "Product Enhancements") for Driving Modes 1, 2, and 3 (described below), which are available under warranty for the vehicles of owners and lessees who report experiencing excessive vibration in their 2015 CR-Vs at certain engine speeds;

1.7.    **WHEREAS**, Plaintiffs filed a Consolidated Amended Complaint on January 20, 2016 (ECF No. 19), and then filed a Second Consolidated Amended Complaint on May 3, 2016 (ECF No. 29), in the Litigation and added proposed class representatives Robert Fennes and David

Maxim, alleging that the 2015 CR-V is subject to "substantial" vibration and further alleging that although Honda had issued TSB 15-046, which provided free repairs, and You Tube videos that discussed the issues, Plaintiffs believed "Honda ha[d] not publicized the availability of these repairs" adequately and that "drivers who were previously turned down by dealerships for warranty coverage are not told to now return for warranty-covered repairs";

    **1.8.**    **WHEREAS**, the Second Consolidated Amended Complaint defined a proposed nationwide class as "[a]ll persons who purchased or leased a 2015 Honda CR-V in the United States," plus fourteen (14) proposed statewide classes of "[a]ll persons" who purchased or leased a 2015 Honda CR-V in those states;

    **1.9.**    **WHEREAS**, proposed class representatives Linda Oakes (No. 8:15-cv-01076, E.C.F. No. 27 (C.D. Cal. Feb. 16, 2016)), Lana Greenstone (E.C.F. No. 33), Margaret Ward (E.C.F. No. 52), Troy Ward (E.C.F. No. 52), Sally Vazquez (No. 4:15-cv-00442, E.C.F. No. 13) (N.D. Fla. Feb. 18, 2016), and Ashley Payan (E.C.F. No. 56) voluntarily dismissed their claims;

    **1.10.**  **WHEREAS**, Honda filed a motion to dismiss certain claims and a motion to compel arbitration of other claims, which motions remain fully briefed and pending (E.C.F. Nos. 35, 46, 50, 51, 59, 64, and 73);

    **1.11.**  **WHEREAS**, Plaintiffs and Honda have explored and discussed at length the factual and legal issues in the Litigation, propounding and responding to written discovery, and exchanging documents and information pertaining to the relevant factual issues, with both Parties having retained consultants and/or experts to assist in vehicle inspections and the review and assessment of relevant technical information;

    **1.12.**  **WHEREAS**, Honda retained an independent vibration expert (Dr. Eric S. Winkel, whose declaration is attached hereto as Exhibit B ("Winkel Declaration")) who inspected and tested certain exemplar 2015 CR-Vs, including several of the proposed class representatives'

vehicles, as well as vehicles that had one or more of the Product Enhancements installed and a vehicle that had not had any of the Product Enhancements installed, and found (among other things) that: (1) not all 2015 CR-V vehicles require a Product Enhancement; (2) not all 2015 CR-V vehicles that require a Product Enhancement need all of them; and (3) the Product Enhancements as set forth in TSB 15-046 are typically efficacious in resolving customer vibration complaints;

1.13. **WHEREAS**, Honda shared the expert's testing results, empirical data, and other information with Class Counsel for their independent review and analysis;

1.14. **WHEREAS**, Plaintiffs acknowledge and agree that they have received information and documentation demonstrating, *inter alia*, that the Product Enhancements described in TSB 15-046 are efficacious in resolving customer vibration complaints;

1.15. **WHEREAS**, the Product Enhancements made pursuant to TSB 15-046 are provided free of charge under applicable warranties to customers who have complained about vibration issues as follows: Driving Mode 1, which is subject to the five (5) year/60,000 mile limited powertrain warranty; and Driving Modes 2 and 3, which are governed by the eight (8) year/80,000 mile limited emissions warranty;

1.16. **WHEREAS**, based on the Product Enhancements being provided by Honda under applicable warranties, the data evidencing that most customer vibration complaints are adequately addressed by the installation of one or more Product Enhancements, and the information provided by Dr. Winkel, Class Counsel believe that while there may be some customer vibration complaints not remedied by the Product Enhancements, pursuing monetary relief on behalf of an entire class of customers does not appear to be a good use of judicial or the Parties' resources, or an efficient method of addressing individual customer concerns related to post-Product Enhancement vibrations;

1.17.   **WHEREAS**, in or around March 7-8, 2017, Plaintiffs and Honda conducted a formal mediation with professional mediator Frank A. Ray;

1.18.   **WHEREAS**, as a result of the mediation with Mr. Ray, the Parties entered into a binding term sheet, the terms of which are fully expressed and incorporated herein;

1.19.   **WHEREAS**, Honda does not believe Plaintiffs' claims are meritorious and has denied and continues to deny that it is legally responsible or liable to Plaintiffs or any member of the Settlement Class for any of the matters asserted in this Litigation, but it has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely: (1) all claims of Plaintiffs relating to vibration and vibration product-enhancement related claims; and (2) all claims for injunctive and declaratory relief of all members of the Settlement Class relating to sufficiency of notice and the existence and availability of the Product Enhancements set forth in TSB 15-046;

1.20.   **WHEREAS**, Class Counsel are experienced in this type of class litigation, and therefore recognize the costs and risks of prosecution of this Litigation and believe that it is in Plaintiffs' interest, and the interest of all Settlement Class Members, to resolve this Litigation in the manner set forth in this Stipulation;

1.21.   **WHEREAS**, this Agreement is the result of significant arms'-length settlement negotiations that have taken place between the Parties;

1.22.   **WHEREAS**, the undersigned Parties believe that this Stipulation offers significant benefits to the Settlement Class Members and is fair, reasonable, and adequate in its resolution of the claims brought by the putative classes because it: (1) provides for certification of a Fed. R. Civ. P. 23(b)(2) Settlement Class, even though the Court has not yet determined whether this action could properly be maintained as a class action, and Honda maintains that certification of any class for trial purposes would not be proper under Fed. R. Civ. P. 23; (2) provides comprehensive current

and prospective injunctive relief to the Fed. R. Civ. P. 23(b)(2) Settlement Class; (3) does not waive or preclude the right of each Settlement Class Member who is not a Plaintiff to bring individual claims for monetary relief; and (4) releases only the remedies available to the Settlement Class for alleged failure of Honda to provide sufficient notice of the existence and availability of the Product Enhancements set forth in TSB 15-046;

      **1.23.**  **WHEREAS**, the undersigned Parties wish to resolve all disputes between and among themselves (with the exception of Excluded Claims, defined below) relating to the allegations raised in the Litigation;

      **1.24.**  **WHEREAS**, Honda acted in a manner generally applicable to Plaintiffs and members of the proposed Settlement Class, making class-wide injunctive relief appropriate;

      **1.25.**  **WHEREAS**, this Stipulation is made and entered into by and among Plaintiffs, individually, and on behalf of the Settlement Class, and Honda; and

      **1.26.**  **WHEREAS**, this Stipulation is intended to supersede any and all agreements previously executed by the Parties with respect to claims asserted in the Litigation.

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties by and through their respective counsel, that, subject to the approval of the Court and to the extent set forth in this Stipulation, the Litigation, the Settled Claims, and the Plaintiff Settled Claims shall be finally and fully compromised, settled, and released pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(e), and the Litigation will be dismissed with prejudice upon, and subject to, the terms and conditions of this Stipulation, as follows:

## 2. DEFINITIONS

      For purposes of this Stipulation, including the Recitals stated above, the following terms will have the following meanings:

**2.1.    "Agreement"**

"Agreement" means this Stipulation of Settlement plus all Exhibits appended thereto.

**2.2.    "Authorized Honda Dealer"**

"Authorized Honda Dealer" shall mean an independent automobile dealership authorized by Honda to sell and service Honda vehicles in the United States.

**2.3.    "CAFA Notice"**

"CAFA Notice" means notice (in a form substantially similar to that attached as Exhibit C and approved by the Court) of this Settlement (defined below) to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described below.

**2.4.    "Claim"**

"Claim" means any mean all claims, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of wrongdoing, and liabilities.

**2.5.    "Class Counsel"**

"Class Counsel" means the Court-appointed interim Co-Lead Counsel and Interim Liaison Counsel from the Gibbs Firm and the Isaac Wiles firm, respectively.

**2.6.    "Court"**

"Court" shall mean the United States District Court for the Southern District of Ohio, Eastern Division, the Honorable Michael H. Watson presiding, or his duly-appointed successor, where this Litigation is pending.

**2.7.    "Effective Date"**

"Effective Date" means the first date after the Settlement becomes Final (as defined below).

### 2.8. "Excluded Claims"

"Excluded Claims" are the individual claims of Settlement Class Members, other than the Plaintiffs, for monetary relief that purport to arise out of or are related to alleged vibration in a Settlement Class Member's Settlement Class Vehicle and/or any Product Enhancement. Excluded Claims do not include the Settled Claims released pursuant to this Agreement.

### 2.9. "Final"

"Final" when referring to a judgment or order means that: (1) the judgment is a final, appealable judgment; and (2) either: (a) no appeal has been taken from the judgment relating to the merits of the settlement (as opposed to any appeals relating solely to the Class Counsel Fees and Expenses award, which will not affect finality as defined herein) as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment relating to the merits of the settlement having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Judgment in all material respects.

### 2.10. "Final Approval Hearing"

The "Final Approval Hearing" means the final hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and an application by Plaintiffs and their counsel for attorneys' fees and reimbursement of expenses.

### 2.11. "Final Judgment"

"The "Final Judgment" means an Order and Final Judgment to be rendered by the Court, approving the Settlement, dismissing the Litigation in accordance with the terms set forth herein,

and providing that the Settlement Class and Plaintiffs have released the Released Parties from the Settled Claims and the Plaintiff Settled Claims, as set forth below.

### 2.12. "Honda"

"Honda" shall mean American Honda Motor Co., Inc., and its parents, affiliates, predecessors, successors, assigns, directors, officers, agents, Authorized Honda Dealers, distributors, suppliers, attorneys, representatives, and employees.

### 2.13. "Honda's Counsel"

"Honda's Counsel" shall mean Honda's counsel of record in the Litigation.

### 2.14. "Litigation"

"Litigation" shall mean this Multi-District Litigation, *i.e.*, M.D.L. No. 2661.

### 2.15. "Plaintiff Payments"

"Plaintiff Payments" shall mean the payments to be made to Plaintiffs to compensate them for their efforts in bringing this lawsuit and as consideration for their release of all claims of whatever nature that arise out of or relate to the Litigation in the following amounts: (1) four thousand dollars and no cents ($4,000) to each Plaintiff who submitted his or her vehicle for inspection and testing; and (2) twenty-five hundred dollars and no cents ($2,500) to each Plaintiff who did not submit his or her vehicle for inspection and testing (and who did not previously dismiss their claims), subject to approval of the Court.

### 2.16. "Injunctive Relief"

"Injunctive Relief" means the injunctive relief programs to which Honda has agreed and which benefit the Settlement Class, as further described below.

### 2.17. "Injunctive Relief Order"

"Injunctive Relief Order" means the Consent Order attached as Exhibit D to this Stipulation and proposed by the Parties for entry by the Court intended to require and accomplish the

Injunctive Relief that in no way imposes any obligation, duty, or responsibility on Honda or creates a right on behalf of the Settlement Class beyond what is described in the Injunctive Relief.

### 2.18. "Notice"

"Notice" means the notice (in the form substantially similar to that attached as Exhibit E and approved by the Court) to the Settlement Class that will be posted on the Settlement Website, as further described below.

### 2.19. "Notice Plan"

"Notice Plan" means the plan for providing notice of this Settlement to the Settlement Class under Federal Rule of Civil Procedure 23(c)(2)(A) and (e)(1), as set forth in Section 7.

### 2.20. "Parties"

"Parties" shall mean the Plaintiffs, on behalf of themselves and the Settlement Class, and Honda.

### 2.21. "Plaintiff Settled Claims"

"Plaintiff Settled Claims" with respect to the Plaintiffs includes the Settled Claims identified and defined in Section 2.26 below and additionally means and includes any and all claims or causes of action, including unknown claims, under the laws of any jurisdiction, including under federal law, state law, and common law, whether at law or equity, against Honda and all of Honda's past and present directors, officers, employees, partners, principals, agents, Authorized Honda Dealers, distributors, suppliers, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries, for injunctive relief, declaratory relief, and economic injury or damages, concerning Settlement Class Vehicle vibration and Product-Enhancements that are either

**EXECUTION COPY**

alleged in the Litigation or could or might have been alleged in the Litigation or any other proceedings, including via the use of the class action procedural device.

### 2.22.  "Preliminary Approval Order"

The "Preliminary Approval Order" means an Order substantially in the form attached hereto as Exhibit F, setting a hearing date for the Final Approval Hearing, certifying the Settlement Class defined below, appointing the Gibbs Firm and the Isaac Wiles firm as Class Counsel, and approving the Notice Plan by the means provided for herein.

### 2.23.  "Product Enhancement"

"Product Enhancement" shall mean one or more of the Product Enhancements described in Service Bulletin (TSB) 15-046, Exhibit A hereto.

### 2.24.  "Recital"

"Recital" means each statement of the facts and/or procedural history in Section I of this Stipulation. The Parties acknowledge and agree the Recitals enumerate important facts and procedural history, are true and accurate, and are hereby made a part of this Stipulation.

### 2.25.  "Released Parties"

The "Released Parties" means American Honda Motor Co., Inc., its parent, subsidiaries, affiliates and related entities and all of its past and present directors, officers, employees, partners, principals, agents, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, Authorized Honda Dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries.

### 2.26.  "Settled Claims"

"Settled Claims" with respect to the Settlement Class means any and all claims or causes of action, including unknown claims, under the laws of any jurisdiction, including under federal

law, state law, and common law, whether at law or equity, against Honda and all of Honda's past and present directors, officers, employees, partners, principals, agents, Authorized Honda Dealers, distributors, suppliers, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries, for injunctive relief and declaratory relief, concerning the sufficiency and availability of notice and the existence of the Product Enhancements described in TSB 15-046, which are either alleged in the Litigation or could or might have been alleged in the Litigation or any other proceedings. Settled Claims does not include individual claims for monetary relief arising out of or related to alleged excessive vibration in a Settlement Class Member's Settlement Class Vehicle and/or any Product Enhancement.

### 2.27. "Settlement"

The "Settlement" means the full and final compromise, settlement, and dismissal of the Litigation subject to the terms and conditions of this Stipulation and the Exhibits attached hereto.

### 2.28. "Settlement Administrator"

"Settlement Administrator" shall mean American Honda Motor Co., Inc.

### 2.29. "Settlement Class"

The "Settlement Class" shall mean a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) comprised of all persons or entities who own or lease any 2015 CR-V vehicle in the United States including its territories and Puerto Rico.  Excluded from the Settlement Class are Honda, any entity that is a subsidiary of or is controlled by Honda, or anyone employed by Class Counsel; any judge to whom this case is assigned, his or her spouse, and members of the judge's staff; and anyone who purchased a Settlement Class Vehicle for the purpose of resale.

### 2.30. "Settlement Class Member"

**EXECUTION COPY**

A "Settlement Class Member" is a person who falls within the definition of the Settlement Class.

**2.31.  "Settlement Class Vehicle"**

"Settlement Class Vehicle" shall mean any and all 2015 Honda CR-Vs distributed by American Honda Motor Co., Inc. in the United States, including its territories and Puerto Rico.

**2.32.  "Settlement Website"**

"Settlement Website" shall mean the Internet website to be established by the Settlement Administrator as part of the Notice Plan as set forth in Section 7.

**2.33.  "Stipulation"**

"Stipulation" shall mean this Stipulation of Settlement.

**3.  FED. R. CIV. P. 23(b)(2) SETTLEMENT CLASS**

For purposes of settlement only, and upon the express terms and conditions set forth in this Stipulation, Plaintiffs and Honda agree to seek certification of a mandatory, nationwide Settlement Class in the Litigation pursuant to Federal Rule of Civil Procedure 23(b)(2) as follows:

> All persons or entities who own or lease any Settlement Class Vehicle in the United States, including its territories and Puerto Rico.

> Excluded from the Settlement Class are Honda; any entity that is a subsidiary of or is controlled by Honda; anyone employed by Class Counsel; any judge to whom this case is assigned, his or her spouse, and members of the judge's staff; and anyone who purchased a Settlement Class Vehicle for the purpose of resale.

**3.1.  No Right to Opt Out**.  Because the Settlement Class is being certified as a mandatory class under Federal Rule of Civil Procedure 23(b)(2), and individual claims for monetary relief are not being impacted by this agreement, Settlement Class Members shall not be permitted to opt out.

**3.2.  Class Certified for Settlement Purposes Only**.  Honda contends that this Litigation could not be certified as a class action under Federal Rule of Civil Procedure 23 for trial

14

purposes. The certification of a Settlement Class, and the appointment of Class Counsel for settlement purposes only pursuant to this Stipulation, shall not constitute in this Litigation or any other proceeding an admission by Honda of any kind or a determination that certification of a class or subclass for trial purposes is appropriate or proper, or that appointment of the Isaac Wiles firm and the Gibbs Firm as Class Counsel for the Settlement Class for trial purposes is appropriate or proper. In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation does not become final or is terminated, canceled, fails to become effective in accordance with its terms, or otherwise is rendered null and void, the certification of the Settlement Class and appointment of Class Counsel shall automatically be vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this Litigation or any other proceeding are satisfied. In such event, the Parties shall be restored to their respective positions in the Litigation, and expressly reserve all rights to challenge or move for certification of a class for trial purposes in this Litigation or any other proceeding on all available grounds as though no Settlement Class had been certified for settlement purposes only in this Litigation, and no reference to the prior certification of a Settlement Class, or any documents related thereto, shall be made for any purpose. Furthermore, nothing in this Stipulation shall prevent Honda from opposing class certification or seeking de-certification of the conditionally certified tentative Settlement Class if final approval of this Stipulation is denied, or not upheld on appeal, including review by the United States Supreme Court, for any reasons, or if any of the conditions exist that permit Honda to terminate this Agreement in accordance with Section 12.

## 4. RELIEF TO SETTLEMENT CLASS

**4.1.** While Plaintiffs acknowledge the efficacy of the Product Enhancements, it is Plaintiffs' position that information regarding the availability of the Product Enhancements being provided by Honda free of charge under the terms of Honda's Powertrain and Emissions

**EXECUTION COPY**

Warranties is not being adequately communicated to customers experiencing or who may experience vibration-related concerns and have not yet implemented one or more of the Product Enhancements. The primary focus of the relief provided to the Settlement Class is to ensure that adequate information regarding the availability of the Product Enhancement is amply communicated to the Settlement Class through a Customer Outreach Program that will be implemented by Honda as more fully set forth below.

4.2.    Subject to the terms and conditions of this Stipulation, Plaintiffs and Honda have agreed to move jointly for the Court to enter an injunction applicable to Honda, which will contain only the terms of the Injunctive Relief related to the Customer Outreach Program as described in this Section 4, as set forth in the Injunctive Relief Order.  The Parties will ask the Court, upon the entry of Final Judgment, to adopt the Injunctive Relief Order, which requires Honda, at its sole cost and expense except as otherwise provided herein, to perpetuate a Customer Outreach Program directed to Settlement Class Members and Authorized Honda Dealers and to confer benefits to the Settlement Class as described in this Section.

4.3.    In each of the communications within the Customer Outreach Program, listed in Section 4.3.1-4.3.5 below, all of which will be published and/or disseminated beginning no later than forty-five (45) days after the entry of a Preliminary Approval Order (or such other date as is mutually agreeable to the Parties and approved by the Court, and/or the next business day, as applicable, if the forty-fifth day falls on a weekend day or a holiday), Honda will convey at least the following information (either directly to Settlement Class Members or indirectly through Authorized Honda Dealers), subject to Class Counsel's prior agreement as to the language used:

(i)    the fact that some drivers of Settlement Class Vehicles have reported experiencing excessive vibration at the engine speeds listed in TSB 15-046;

(ii)    that Product Enhancements are available for the excessive vibration;

16

**EXECUTION COPY**

(iii)    the Product Enhancements are being provided free of charge under Honda's Powertrain Limited Warranty (for Mode 1), which lasts through the earlier of 5 years and 60,000 miles, and Honda's Emissions Control Systems Defects Warranty (for Modes 2 and 3), which lasts through the earlier of 8 years and 80,000 miles; and

(iv)    to the extent a Settlement Class Member remains dissatisfied with excessive vibration in their Settlement Class Vehicle, they may mediate or arbitrate their individual claim with Honda free of charge per the independent case review procedure with the National Center for Dispute Settlement as described in Honda's warranty booklet.

**4.3.1.**    Honda will prominently post on the Honda Owner Link website the message attached as Exhibit G for Settlement Class Members.

**4.3.2.**    Honda will implement a protocol to optimize web searches for terms related to 2015 CR-V vibration in order to make the 2015 Honda CR-V Owner Link website appear on or near the first page of Google search results. Honda will implement the protocol for a period of no less than one (1) year. Under no circumstances shall the protocol be required to remain active more than twelve (12) months after the Effective Date. Honda will provide a proposed protocol to Class Counsel within thirty (30) days (or the next business day if the thirtieth day falls on a weekend day or holiday) after the entry of the Preliminary Approval Order.

**4.3.3.**    Honda will send by email—to the extent it has email addresses for the individuals—and otherwise by first class mail the letter attached as Exhibit H to the following:

**4.3.3.1.** All customers who complained to Honda about excessive vibration in Settlement Class Vehicles prior to the execution date of the Agreement, and who have not had any Product Enhancements performed; and,

**4.3.3.2.** All customers who complained to Honda prior to the execution date of this agreement about excessive vibration in Settlement Class Vehicles after having at least one, but not all applicable Product Enhancements performed.

**4.3.4.** Class Counsel will disseminate via e-mail the letter attached as Exhibit I to all Settlement Class Members who contacted Class Counsel prior to the execution date of this Agreement and who are not already receiving notice pursuant to Section 4.3.3 regarding vibration in 2015 Honda CR-V vehicles.

**4.3.5.** Honda will disseminate the message attached as Exhibit J to Authorized Honda Dealers on a quarterly basis for a one-year period to remind the Authorized Honda Dealers about the vibration issues and Product Enhancements addressed by TSB 15-046.

**4.4.** Notwithstanding the above, if Honda is unable to comply with any of the deadlines set forth in Section 4, Honda shall receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

**4.5.** Honda shall be responsible for all costs associated with Customer Outreach Program except as otherwise expressly provided for herein.

## 5. LIMITATIONS ON INJUNCTIVE RELIEF

**5.1. Compliance with Applicable Law**. Any actions by Honda determined in good faith to be reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of this Agreement. In the event that

any obligation that Honda has agreed to undertake becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling, then Honda shall be released from performing such obligation after notice to the Court and Class Counsel.  Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice (or the next business day if the tenth day falls on a weekend day or holiday).

**5.2.    Sunset Provision.** The obligations set forth in the Injunctive Relief order will expire January 1, 2020 ("Sunset Date")

## 6.   PRELIMINARY APPROVAL ORDER

Promptly after the execution of this Stipulation, Plaintiffs shall file with the Court a motion for entry of a Preliminary Approval Order, in the form attached hereto as Exhibit F, that:

**6.1.**    Preliminarily approves the proposed settlement set forth in this Stipulation;

**6.2.**    Certifies the Settlement Class under Federal Rule of Civil Procedure 23(a) and 23(b)(2) for settlement purposes only;

**6.3.**    Appoints Class Counsel;

**6.4.**    Approves the proposed Notice Plan, including the form of Notice substantially similar to that attached hereto as Exhibit E;

**6.5.**    Appoints the Settlement Administrator; and

**6.6.**    Sets a hearing date for the Final Approval Hearing.

## 7.   NOTICE PLAN

**7.1.**    Honda shall serve notice of the settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten (10) days after the filing of this Stipulation with the Court.  A proposed form of CAFA Notice, without the accompanying attachments, is attached as Exhibit

C.  Honda shall file with the Court a certification of the date upon which the CAFA Notice was served within 10 (ten) days of its service of the Notice (or the next business day if the tenth day falls on a weekend day or holiday).

    **7.2.**    No later than forty-five (45) days after the Court enters the Preliminary Approval Order (or the next business day if the forty-fifth day falls on a weekend day or holiday), Honda will establish a Settlement Website page that contains the Preliminary Approval Order, the Notice, this Agreement, and other relevant information regarding the Litigation as the parties shall mutually agree;

        **7.2.1.**    Honda will purchase keyword and phrase sponsorship related to the Litigation on popular Internet search engines for a 180-day period from the date the Settlement Website goes live so that Settlement Class Members who use those search terms will be directed to the Settlement Website and/or the 2015 Honda CR-V Owner Link website.

        **7.2.2.**    Honda may terminate the Settlement Website at a time to be determined after consultation with counsel for Plaintiffs; however, under no circumstances shall the Settlement Website be required to remain active (i) more than twelve (12) months after the Effective Date, or (ii) after the settlement is terminated or otherwise not approved by the Court. The Settlement Administrator will retain ownership of the URL.

        **7.2.3.**    Honda will work with Class Counsel to provide links between the Settlement Website and the websites of Class Counsel, in a format mutually-agreed upon by the Parties.

    **7.3.**    Honda will establish a toll-free telephone number that will provide Settlement Class Members with access to recorded information (in both English and Spanish) regarding the settlement by no later than the date the Settlement Website Page is published, and with access to live operators who will be able to respond to inquiries regarding the Settlement.

**7.4.** The Parties agree that initial communications under the Customer Outreach Program (pursuant to Section 4.3.1-4.3.4 above) should reference the existence of this Litigation, the Settlement, the Settlement Website, and the toll free phone number to be established and maintained by Honda. To the extent the Settlement requires any such communications to continue after the entry of Final Judgment, however, those post-Final Judgment communications need not reference the Litigation, the Settlement, the Settlement Website, or the toll-free phone number.

**8.** **THE DISMISSAL AND RELEASES**

**8.1.** Upon the filing of the Final Judgment, the Plaintiffs' claims in this Lawsuit shall be dismissed with prejudice, including as to the Plaintiff Settled Claims.

**8.2.** Upon the filing of the Final Judgment, the Settled Claims shall be dismissed in their entirety with prejudice as to the Settlement Class.

**8.3.** As of the Effective Date, Plaintiffs, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators, and any other Person having any legal or beneficial interest in the Litigation, will be deemed by this Stipulation and Settlement to have, and by operation of the Final Judgment will have, released and forever discharged the Released Parties from any and all of the Plaintiff Settled Claims. The Plaintiff Settled Claims that are to be released include unknown claims that could have been brought in this Litigation, and Plaintiffs waive and relinquish to the fullest extent possible any state or federal law concerning the release of such unknown claims.

**8.4.** As of the Effective Date, Settlement Class Members, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators, and any other Person having

any legal or beneficial interest in the Litigation, will be deemed by this Stipulation and Settlement to have, and by operation of the Final Judgment will have, released and forever discharged the Released Parties from any and all of the Settled Claims.  The Settled Claims that are to be released include unknown claims that could have been brought in this Litigation, and Settlement Class Members waive and relinquish to the fullest extent possible any state or federal law concerning the release of such unknown claims that are not Excluded Claims.

**8.5.**    As of the Effective Date, Plaintiffs and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing or prosecuting any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively, asserting any of the Plaintiff Settled Claims against the Released Parties.

**8.6.**    As of the Effective Date, each of the Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing or prosecuting any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively, asserting any of the Settled Claims (not to include Excluded Claims) against the Released Parties.

**8.7.**    Notwithstanding the dismissal of the Plaintiffs' claims in accordance with this Stipulation, the Plaintiffs shall maintain full entitlement to the Product Enhancements set forth in TSB 15-046 pursuant to the applicable written warranty if deemed necessary by an Authorized Honda Dealer, as well as all other warranty-related benefits set forth in this Stipulation and in the governing warranty booklets.

**8.8.**    Plaintiffs acknowledge that they, Class Counsel, and Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Litigation, the Settled Claims, and the

Plaintiff Settled Claims, but it is their intention to, and they do upon the Effective Date of this Stipulation, fully, finally, and forever settle and release all such claims, without regard to the subsequently discovery or existence of different additional facts. Settlement Class Members expressly waive any and all rights and benefits afforded by California Civil Code § 1542 and other, similar state statutes, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge the significance of this waiver of California Civil Code § 1542 (if applicable) and/or of any other applicable federal or state law relating to limitations on releases.

**8.9.    Binding Release.**  Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Agreement or any order entered in connection therewith shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Judgment, the foregoing releases, or any other provision of the Final Judgment; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Agreement shall remain available to all Parties.

## 9.    DENIAL OF WRONGDOING AND LIABILITY

**9.1.**    Honda denies and continues to deny (a) each and all of the claims alleged by Plaintiffs in the Litigation, and (b) all allegations that anyone suffered damage or was otherwise injured or harmed in any way by the conduct alleged in the Litigation. Honda's agreement to enter into or carry out the terms of this Stipulation shall not be construed as, or be deemed to be evidence of, an admission or concession by Honda of any fault or liability whatsoever, and shall

not be offered or received in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever except as necessary to enforce the provisions of this Agreement and the Exhibits hereto or the provisions of any related agreement or release. Without conceding any infirmity in the denials or defenses Honda asserted or intended to assert in the Litigation, Honda states that it is its desire and in its best interests that the Litigation be dismissed in the manner and upon the terms and conditions set forth herein in order to avoid the expense, inconvenience, and distraction of further legal proceedings and to put to rest the claims asserted by Plaintiffs individually and on behalf of the Settlement Class.

9.2.    Notwithstanding the foregoing, this Stipulation and the Exhibits hereto may be filed in the Litigation as evidence of the Settlement, or in any subsequent action against or by Honda or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

## 10.    CLASS COUNSEL FEES AND EXPENSES

10.1.    The Parties have not agreed on appropriate amounts for attorneys' fees and reimbursement of litigation expenses to be paid to Plaintiffs' counsel.  The Parties intend to engage in mediation to reach an agreement in that regard.  If the Parties are not able to reach agreement on awards of attorneys' fees and reimbursement of expenses through mediation, Plaintiffs will apply to the Court for an order awarding reasonable attorneys' fees and reimbursing litigation expenses, which Honda may oppose.

10.2.    Any order or proceedings relating to the application for attorneys' fees and reimbursement of litigation expenses, or any appeal from any such order, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement.  The awarded attorneys' fees and reimbursed expenses will be paid separate and apart from any relief provided to Plaintiffs and/or members of the Settlement Class.

**10.3.** The application(s) for attorneys' fees and reimbursements of litigation expenses shall be made at least thirty (30) days in advance of the Court's deadline for submitting objections.

**10.4.** Within the later of either fourteen (14) days after (a) the Effective Date or (b) Honda's receipt of wiring instructions and valid W-9s from Class Counsel, Honda will make payment of (i) the amount of attorneys' fees, costs and other expenses approved by the Court, and (ii) the Plaintiff Payments, by wire transfer to the agent identified by Class Counsel. Upon confirmation from the agent that the wire has been successful, Honda's obligation to Class Counsel and the Plaintiffs under Sections 2.15 and 10 will be fully discharged and released.

**11.     ENTRY OF FINAL ORDER AND JUDGMENT**

The Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

**11.1.** Granting final approval of the Settlement, and directing its implementation pursuant to its terms and conditions;

**11.2.** Enjoining Honda according to the specific terms applicable to it in Section 4;

**11.3.** Discharging and releasing the Released Parties, and each of them, from the Settled Claims and the Plaintiff Settled Claims as provided in Section 8;

**11.4.** Permanently barring and enjoining all Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settled Claims;

**11.5.** Permanently barring and enjoining Plaintiffs from instituting, maintaining or prosecuting, either directly or indirectly, any lawsuit that asserts Settled Claims or Plaintiff Settled Claims;

**EXECUTION COPY**

**11.6.** Directing that the Litigation be dismissed with prejudice (except as to the Excluded Claims which are expressly preserved) and without costs (except as provided herein), consistent with the terms of this Stipulation;

**11.7.** Stating that pursuant to Federal Rule Civil Procedure 54(b) that there is no just reason for delay and directing the Final Judgement is a final, appealable order; and

**11.8.** Reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement and the Final Judgment as provided in Section 2.11

## 12.   TERMINATION

**12.1.** Honda has the right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement to the Plaintiffs or to the Settlement Class Members, if any of the following conditions subsequent occurs:

**12.1.1.** The Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Settlement Class Claims;

**12.1.2.** A court requires a notice program in addition to or in any form materially different from that specifically set forth in Section 7 and Exhibits E, G, H, I and J;

**12.1.3.** [intentionally omitted]

**12.1.4.** The Court fails to enter a Final Judgment materially consistent with the provisions herein, including Sections 2.11 and Sections 8;

**12.1.5.** The Court fails to enter the Injunctive Relief Order in a form materially consistent with Exhibit D to this Stipulation;

**12.1.6.** The settlement of the Settled Claims and/or the Plaintiff Settled Claims never becomes Final; or

26

**12.1.7.**    The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Stipulation.

**12.2.**    In the event that the above right to cancel or terminate is exercised, then Honda shall have no further obligations under this Agreement to Settlement Class Members or Plaintiffs and shall have the right to terminate the entire Settlement and declare it null and void.

**12.3.**    The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for the Plaintiffs, the Settlement Class, or Class Counsel to terminate or cancel this Agreement or proposed Settlement.

**12.4.**    If the Settlement does not become Final or is terminated for any reason before the Effective Date, then the Settlement Class shall be decertified, the Stipulation and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law; and all Parties shall stand in the same procedural position as if the Stipulation had not been negotiated, made, or filed with the Court.

## 13.    MISCELLANEOUS

**13.1.    Best Efforts**.  Plaintiffs, Honda, and Class Counsel agree to use their best efforts to obtain Court approval of this Stipulation, subject to Honda's rights to terminate this Stipulation as provided herein.

**13.2.    Not Evidence**. This Stipulation, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

**13.2.1.** Offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Plaintiffs or defense asserted by Honda, of the validity of any Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Plaintiffs or Honda;

**13.2.2.** Offered or received by or against Plaintiffs or Honda as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Honda, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Stipulation and the Final Judgment including, without limitation, asserting as a defense the release and waivers provided herein;

**13.2.3.** Offered or received by or against Plaintiffs or Honda as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing; or in any way referred to for any other reason as against Honda, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the terms of this Agreement; provided, however, that if this Agreement is approved by the Court, then Plaintiffs or Honda may refer to it to enforce their rights hereunder; or

**13.2.4.** Construed as an admission or concession by Plaintiffs, the Settlement Class, or Honda that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

      **13.2.5.** These prohibitions on the use of this Stipulation shall extend to, but are not limited to, any Excluded Claim preserved from release in Section 2.8 above.

      **13.3. Continuing Jurisdiction**. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement.  The Court shall also retain exclusive jurisdiction over any subsequent claim against Honda arising from or relating to this Agreement.  Any such subsequent suit against Honda necessarily raises the threshold question of whether the plaintiff in such suit is a member of the Settlement Class in this Litigation such that his or her subsequent suit is one of the kind prohibited under the terms of this Agreement.  All Parties to this Stipulation, and their Counsel, hereby submit to the jurisdiction of the Court for purposes of implementing or enforcing the Settlement embodied in this Stipulation.

      **13.4. Settlement Notices**.  All notices or formal communications under this Stipulation shall be in writing and shall be given by electronic mail and (i) hand delivery; (ii) registered or certified mail, return receipt requested, postage pre-paid; or (iii) overnight courier to counsel for the Party to whom the notice is directed at the following addresses:

      For the Plaintiffs and the Settlement Class:

          Eric H. Gibbs
          David K. Stein
          Gibbs Law Group LLP
          505 14th Street, Suite 1110
          Oakland, California 94612
          (510) 350-9700
          ehg@classlawgroup.com
          ds@classlawgroup.com

Gregory M Travalio
Mark H. Troutman
Isaac Wiles Burkholder & Teetor LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 221-2121
mtroutman@isaacwiles.com
gtravalio@isaacwiles.com

**EXECUTION COPY**

For American Honda Motor Co., Inc.:

| Livia M. Kiser | Michael L. Mallow |
|---|---|
| Sidley Austin LLP | Sidley Austin LLP |
| 1 South Dearborn Street | 555 West Fifth Street |
| Chicago, Illinois 60603 | Los Angeles, CA 90013 |
| (312) 853-7247 | (213) 896 6666 |
| lkiser@sidley.com | mmallow@sidley.com |

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

**13.5. Costs and Expenses**. Except as provided above regarding the Notice Plan, Plaintiff Payments, and attorneys' fees, costs, and other expenses, each of the Plaintiffs, Class Counsel, and Honda shall be responsible for his, her, or its own costs and expenses.

**13.6. Taxes**. Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to this Stipulation.

**13.7. Communications**. Honda reserves the right to communicate with their customers, business contacts, and members of the public in the ordinary course of business. Class Counsel and Plaintiffs hereby agree not to engage in any communications with the media, the press, on the internet, or in any public forum, either orally or in writing, that undermine or contradict the Settlement.

**13.8. Confidentiality of Discovery Materials and Information**. The Parties, their counsel, and any experts in this Litigation remain subject to the Court's Stipulated Protective Order (ECF No. 24). Class Counsel agree to return or destroy all information and materials obtained from Honda in connection with the Settlement and the Litigation, including any copies made thereof, within thirty (30) days after the Effective Date, and to retain no copies thereof.

**13.9. Complete Agreement**. This Stipulation is the entire, complete agreement of each and every term agreed to by and among Plaintiffs, the Settlement Class, Honda, and their

counsel.  In entering into this Stipulation, no Party has made or relied upon any warranty or representation not specifically set forth herein.  This Stipulation shall not be modified except by a writing executed by all Parties.

**13.10.  Headings for Convenience Only**.  The headings in this Stipulation are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

**13.11.  Severability**.  In the event that any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Stipulation shall continue in full force and effect without said provision to the extent Honda does not execute its right to terminate under Section 12.

**13.12.  No Party is Drafter**.  None of the Parties to this Stipulation shall be considered to be the primary drafter of the Stipulation or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**13.13.  Binding Effect**.  This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Plaintiffs, the Settlement Classes, Honda, the Released Parties, and their respective successors and assigns.

**13.14.  Authorization to Enter Settlement**. The individual signing this Stipulation on behalf of Honda represents that he or she is fully authorized to enter into, and to execute, this Stipulation on Honda's behalf.  Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Honda on behalf of the Plaintiffs, and to enter into, and to execute, this Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).  Each Plaintiff enters into and executes this Agreement on behalf of

himself or herself, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

**13.15. Execution in Counterparts**. Plaintiffs, Class Counsel, Honda, and Honda's Counsel may execute this Agreement in counterparts, and the execution in counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Stipulation. This Stipulation shall not be deemed executed until signed by Plaintiffs, Class Counsel and by counsel for and a representative of Honda.

**13.16. Finality**. The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Parties agree that the terms of the Settlement reflect a good faith settlement of the claims asserted by Plaintiffs and the Settlement Class reached voluntarily after consultation with experienced legal counsel. The Parties deem this Settlement to be fair and reasonable and have arrived at this Settlement in arms'-length negotiations taking into account all relevant factors, present or potential.

**13.17. Exhibits**. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

**13.18. Further Authority**. Class Counsel, on behalf of the Plaintiffs and the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

**EXECUTION COPY**

**13.19. Binding on Successors**. This Stipulation is to be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties to this Stipulation.

**13.20. Governing Law**. All terms of this Stipulation and the Exhibits hereto are to be governed by and interpreted in accordance with the laws of the State of Ohio and the United States.

**IN WITNESS WHEREOF**, the parties to this Stipulation have caused this Stipulation to be executed, by their duly authorized attorneys, on the below day(s) of January 2018.

**FOR PLAINTIFFS:**

Dated: January 25 2018          By: _____
                                     Eric H. Gibbs
                                     Gibbs Law Group LLP
                                     *Class Counsel*


Dated: January      , 2018       By: _____
                                     Gregory M Travalio
                                     Isaac Wiles Burkholder & Teetor LLC
                                     *Class Counsel*


Dated: January      , 2018       By: _____
                                     Michael Stanley


Dated: January      , 2018       By: _____
                                     Robert Fennes

EXECUTION COPY

**13.19. Binding on Successors**. This Stipulation is to be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties to this Stipulation.

**13.20. Governing Law**. All terms of this Stipulation and the Exhibits hereto are to be governed by and interpreted in accordance with the laws of the State of Ohio and the United States.

**IN WITNESS WHEREOF**, the parties to this Stipulation have caused this Stipulation to be executed, by their duly authorized attorneys, on the below day(s) of January 2018.

**FOR PLAINTIFFS:**

Dated: January    , 2018      By: _____

                                       Eric H. Gibbs
                                       Gibbs Law Group LLP
                                       *Class Counsel*

Dated: January 25th, 2018      By: *Gregory M. Travalio* (signature)

                                         Gregory M Travalio
                                         Isaac Wiles Burkholder & Teetor LLC
                                         *Class Counsel*

Dated: January    , 2018      By: _____

                                         Michael Stanley

Dated: January    , 2018      By: _____

                                         Robert Fennes

**EXECUTION COPY**

**13.19. Binding on Successors.** This Stipulation is to be binding upon, and inure to the

benefit of, the successors, assigns, and heirs of the Parties to this Stipulation.

**13.20. Governing Law.** All terms of this Stipulation and the Exhibits hereto are to be

governed by and interpreted in accordance with the laws of the State of Ohio and the United

States.

**IN WITNESS WHEREOF**, the parties to this Stipulation have caused this Stipulation to

be executed, by their duly authorized attorneys, on the below day(s) of January 2018.

**FOR PLAINTIFFS:**

Dated: January     , 2018          By:  _____

                                        Eric H. Gibbs
                                        Gibbs Law Group LLP
                                        *Class Counsel*

Dated: January     , 2018          By:  _____

                                        Gregory M Travalio
                                        Isaac Wiles Burkholder & Teetor LLC
                                        *Class Counsel*

Dated: January  17, 2018           By:  *Michael Stanley*
                                        Michael Stanley

Dated: January     , 2018          By:  _____

                                        Robert Fennes

**EXECUTION COPY**

**13.19. Binding on Successors**. This Stipulation is to be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties to this Stipulation.

**13.20. Governing Law**. All terms of this Stipulation and the Exhibits hereto are to be governed by and interpreted in accordance with the laws of the State of Ohio and the United States.

**IN WITNESS WHEREOF**, the parties to this Stipulation have caused this Stipulation to be executed, by their duly authorized attorneys, on the below day(s) of January 2018.

**FOR PLAINTIFFS:**

Dated:  January   , 2018    By: _____
                                      Eric H. Gibbs
                                      Gibbs Law Group LLP
                                      *Class Counsel*

Dated:  January   , 2018    By: _____
                                        Gregory M Travalio
                                      Isaac Wiles Burkholder & Teetor LLC
                                      *Class Counsel*

Dated:  January   , 2018    By: _____
                                        Michael Stanley

Dated:  January /7, 2018    By: *Robert Fennes*
                                        Robert Fennes

**EXECUTION COPY**

Dated: January 16, 2018          By: _____
                                     Emily Vellano


Dated: January     , 2018         By: _____
                                     Julia Hsi


Dated: January     , 2018         By: _____
                                     Thomas Michael Prychitko


Dated: January     , 2018         By: _____
                                     Robert Nonni


Dated: January     , 2018         By: _____
                                     Bakh Inamov


Dated: January     , 2018         By: _____
                                     Michelle Bergendahl


Dated: January     , 2018         By: _____
                                     Robert Bergendahl


Dated: January     , 2018         By: _____
                                     Amy Bertram


Dated: January     , 2018         By: _____
                                     Aleksandr Kogan

**EXECUTION COPY**

Dated: January    , 2018      By: _____

Emily Vellano

Dated: January 16, 2018      By: _____

Julia Hsi

Dated: January    , 2018      By: _____

Thomas Michael Prychitko

Dated: January    , 2018      By: _____

Robert Nonni

Dated: January    , 2018      By: _____

Bakh Inamov

Dated: January    , 2018      By: _____

Michelle Bergendahl

Dated: January    , 2018      By: _____

Robert Bergendahl

Dated: January    , 2018      By: _____

Amy Bertram

Dated: January    , 2018      By: _____

Aleksandr Kogan

**EXECUTION COPY**

Dated:  January        , 2018          By: _____
                                            Emily Vellano


Dated:  January        , 2018          By: _____
                                            Julia Hsi


Dated:  January 22, 2018               By: _~~Thomas Michael Prychitko~~_____
                                            Thomas Michael Prychitko


Dated:  January        , 2018          By: _____
                                            Robert Nonni


Dated:  January        , 2018          By: _____
                                            Bakh Inamov


Dated:  January        , 2018          By: _____
                                            Michelle Bergendahl


Dated:  January        , 2018          By: _____
                                            Robert Bergendahl


Dated:  January        , 2018          By: _____
                                            Amy Bertram


Dated:  January        , 2018          By: _____
                                            Aleksandr Kogan

**EXECUTION COPY**

Dated: January   . 2018          By: _____
                                      Emily Vellano


Dated: January   . 2018          By: _____
                                      Julia Hsi


Dated: January   , 2018          By: _____
                                      Thomas Michael Prychitko


Dated: January   , 2018          By: _Robert T Nonni____   1/17/18
                                      Robert Nonni


Dated: January   , 2018          By: _____
                                      Bakh Inamov


Dated: January   , 2018          By: _____
                                      Michelle Bergendahl


Dated: January   , 2018          By: _____
                                      Robert Bergendahl


Dated: January   , 2018          By: _____
                                      Amy Bertram


Dated: January   , 2018          By: _____
                                      Aleksandr Kogan

**EXECUTION COPY**

Dated:  January        , 2018          By:   _____
                                             Emily Vellano


Dated:  January        , 2018          By:   _____
                                             Julia Hsi


Dated:  January        , 2018          By:   _____
                                             Thomas Michael Prychitko


Dated:  January        , 2018          By:   _____
                                             Robert Nonni


Dated:  January  17 , 2018             By:   _____
                                             Bakh Inamov


Dated:  January        , 2018          By:   _____
                                             Michelle Bergendahl


Dated:  January        , 2018          By:   _____
                                             Robert Bergendahl


Dated:  January        , 2018          By:   _____
                                             Amy Bertram


Dated:  January        , 2018          By:   _____
                                             Aleksandr Kogan

**EXECUTION COPY**

Dated: January   , 2018      By: _____
                                       Emily Vellano

Dated: January   , 2018      By: _____
                                       Julia Hsi

Dated: January   , 2018      By: _____
                                       Thomas Michael Prychitko

Dated: January   , 2018      By: _____
                                       Robert Nonni

Dated: January   , 2018      By: _____
                                       Bakh Inamov

Dated: January   , 2018      By: _Michelle Bergendahl (Jan 29, 2018)_____    Jan 29, 2018
                                       Michelle Bergendahl

Dated: January   , 2018      By: _____
                                       Robert Bergendahl

Dated: January   , 2018      By: _____
                                       Amy Bertram

Dated: January   , 2018      By: _____
                                       Aleksandr Kogan

**EXECUTION COPY**

Dated:  January        , 2018             By:  _____
                                               Emily Vellano


Dated:  January        , 2018             By:  _____
                                               Julia Hsi


Dated:  January        , 2018             By:  _____
                                               Thomas Michael Prychitko


Dated:  January        , 2018             By:  _____
                                               Robert Nonni


Dated:  January        , 2018             By:  _____
                                               Bakh Inamov


Dated:  January        , 2018             By:  _____
                                               Michelle Bergendahl


Dated:  January        , 2018             By:  _____        Jan 29, 2018
                                               Robert Bergendahl (Jan 29, 2018)
                                               Robert Bergendahl


Dated:  January        , 2018             By:  _____
                                               Amy Bertram


Dated:  January        , 2018             By:  _____
                                               Aleksandr Kogan

**EXECUTION COPY**

Dated:  January       , 2018          By:    _____
                                              Emily Vellano


Dated:  January       , 2018          By:    _____
                                              Julia Hsi


Dated:  January       , 2018          By:    _____
                                              Thomas Michael Prychitko


Dated:  January       , 2018          By:    _____
                                              Robert Nonni


Dated:  January       , 2018          By:    _____
                                              Bakh Inamov


Dated:  January       , 2018          By:    _____
                                              Michelle Bergendahl


Dated:  January       , 2018          By:    _____
                                              Robert Bergendahl


Dated:  January  18 , 2018            By:    _____
                                              Amy Bertram


Dated:  January       , 2018          By:    _____
                                              Aleksandr Kogan

**EXECUTION COPY**

Dated: January    , 2018    By: _____
                                     Emily Vellano

Dated: January    , 2018    By: _____
                                     Julia Hsi

Dated: January    , 2018    By: _____
                                     Thomas Michael Prychitko

Dated: January    , 2018    By: _____
                                     Robert Nonni

Dated: January    , 2018    By: _____
                                     Bakh Inamov

Dated: January    , 2018    By: _____
                                     Michelle Bergendahl

Dated: January    , 2018    By: _____
                                     Robert Bergendahl

Dated: January    , 2018    By: _____
                                     Amy Bertram

Dated: ~~January~~ February 8, 2018    By: _____
                                     Aleksandr Kogan

**EXECUTION COPY**

**FOR DEFENDANT AMERICAN HONDA MOTOR CO., INC.:**

Dated: January 30, 2018          By: _~Bruce Smith~_

Print name: _BRUCE SMITH_

Title: _SENIOR VICE PRESIDENT_

**APPROVED AS TO FORM BY:**

Dated: January 30, 2018          By: _Livia M. Kiser_
                                      Sidley Austin LLP

Print name: _Livia M. Kiser_

*Attorneys for American Honda Motor Co., Inc.*



# Service Bulletin                    **15-046**

**December 2, 2015**                                         02084 Version 4

## Vibration While Driving and/or Stopped in Gear
**Supersedes 15-046, Dated November 4, 2015; See REVISION SUMMARY**

### AFFECTED VEHICLES

| Year | Model | Trim | VIN Range |
|------|-------|------|-----------|
| 2015 | CR-V | ALL | ALL |

### REVISON SUMMARY

All sections were revised; American Honda recommends that you review the entire bulletin.

### SYMPTOM

Some customers have reported feeling one or more different vibrations felt primarily through the driver's seat.
The identified vibrations may occur under these conditions:

- **Driving Mode 1**: While stopped with vehicle in gear.

- **Driving Mode 2**: While between **1,000–1,200 rpm** at takeoff.

  NOTE:
  - You **must** make sure the service advisor has reviewed the Customer Information Statement for Driving Mode 2 with the customer **before** the software update is performed.
  - Verify that the service advisor has noted on the Customer Information Statement that he or she has reviewed the Customer Information Statement for Driving Mode 2 with the customer.
  - The noted Customer Information Statement must be retained for future records and attached to the Repair Order before doing the software update, as this software may have a small impact on fuel economy.

- **Driving Mode 3**: While driving between **1,800–2,200 rpm** around **40–50 mph**.

### POSSIBLE CAUSES

Engine and transmission vibrations may be intermittent.  The reported vibrations are felt primarily through the driver's seat while driving or stopped in gear.

**CUSTOMER INFORMATION:** The information in this bulletin is intended for use only by skilled technicians who have the proper tools, equipment, and training to correctly and safely maintain your vehicle. These procedures should not be attempted by "do-it-yourselfers," and you should not assume this bulletin applies to your vehicle, or that your vehicle has the condition described. To determine whether this information applies, contact an authorized Honda automobile dealer.

**CORRECTIVE ACTION**

**Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.

**Driving Mode 2:** Update the PCM software and install the tailgate damper kit. The software update can only be performed with MongoosePro Honda along with J2534 Rewrite Special PC application.

NOTE:

- You **must** make sure the service advisor has reviewed the Customer Information Statement for Driving Mode 2 with the customer **before** the software update is performed.

- Verify that the service advisor has noted on the Customer Information Statement that he or she has reviewed the Customer Information Statement for Driving Mode 2 with the customer.

- The completed Customer Information Statement must be retained for future records and attached to the Repair Order before doing the software update, as this software may have a small impact on fuel economy.

**Driving Mode 3:** Update PCM software.

NOTE: This software update can only be performed with the MongoosePro Honda along with J2534 Rewrite Special PC application.

**BEFORE GETTING STARTED**

NOTE:

- If you are unfamiliar with the Mongoose Pro Honda Interface tool, refer to the following Special Tools guides:
  - Mongoose Pro Honda User Guide
  - Mongoose Pro Honda Quick Start Guide

- For more information on this concern, please refer to the following:
  - Click here to view an informative video on this concern.
  - Go to page **19** of this bulletin to view the Customer Information Statement.

- Connect a fully charged jumper battery to the vehicle and leave it connected during the entire procedure to maintain steady voltage.

- Never turn the ignition to OFF or ACCESSORY during the update. If there is a problem with the update, leave the ignition turned to ON.

- To prevent PCM control unit damage, do not operate anything electrical (headlights, audio system, brakes, A/C, power windows, door locks, etc.) during the update.

- The control module updates for this bulletin cannot be applied with the MVCI.  You must use the J2534 Rewrite Special PC application and MongoosePro Honda.  If you try doing the software update using the MVCI, you will see the following screen as shown below.



**PARTS INFORMATION**

### Repair Procedure Mode 1

### Required Parts

| Part Name | Part Number | Quantity |
|---|---|---|
| Radiator Mount Lower Cushion Kit | 06740-T1W-305 | 1 |
| Transmission Mount (CVT) | 50850-T1W-A11 | 1 |
| Flange Bolt (12 X 35 mm) | 90164-T0A-A00 | 1 |
| Flange Bolt,(12 X 40 mm) | 90162-T0A-A00 | 2 |
| Flange Bolt (12 X 40 mm) | 90164-S5A-010 | 1 |
| Flange Nut (12 mm) | 90371-SAA-010 | 2 |
| Front Head Restraints, *NH167L* (Graphite Black) | 06810-T0G-A01ZB | 1 |
| Front Head Restraints, *YR449L* (Cashmere Ivory) | 06810-T0G-A01ZD | 1 |
| Front Head Restraints, *NH836L* (Wisteria Light Grey) | 06810-T0G-A01ZE | 1 |
| Front Head Restraints, *YR449L* (**Leather**) (Cashmere Ivory) | 06810-T0G-V81ZA | 1 |
| Front Head Restraints, *NH836L* (**Leather**) (Wisteria Light Grey) | 06810-T0G-V81ZB | 1 |
| Front Head Restraints, *NH167L* (**Leather**) (Graphite Black) | 06810-T0G-V81ZC | 1 |

### Repair Procedure Mode 2

### Required Parts

| Part Name | Part Number | Quantity |
|---|---|---|
| Tailgate Damper Kit (**Non-Power Tailgate**) (contains tailgate damper, tailgate struts, nuts and bolts) | 06748-T1W-305 | 1 |
| Tailgate Damper Kit (**Power Tailgate**) (contains tailgate damper, tailgate struts, nuts and bolts) | 06748-T1W-306 | 1 |
| Touch Up Paint | (commercially available) | |

**TOOL INFORMATION**

| Part Name | Part Number | Quantity |
|---|---|---|
| Mongoose Pro Honda | MGPHONDA | 1 |
| Rivet Gun Tool | 07AAE-STXA100 or (commercially available) | 1 |

## SOFTWARE INFORMATION

NOTE: Unnecessary or incorrect repairs resulting from a failure to update the HDS are not covered under warranty.

HDS Software Version:

3.016.042 **or later**

J2534 Rewrite Special Version: 1.00.0000 **or later**

J2534 Mongoose Drivers: 1.20.000 **or later**

NOTE: If the version numbers shown in the HDS Download Manager match or exceed those listed above, your software is current enough to perform this bulletin.



| Year/Model | Trim | Program ID (or later) | Program P/N (or later) Mode 2 | Program P/N (or later) Mode 3 |
|------------|------|----------------------|-------------------------------|-------------------------------|
| 2015 CR-V | LX (2WD) | LAA450 LA3050 | 37805-5LA-A45 | 37805-5LA-305 |
| | LX (AWD) | LAA550 LA3060 | 37805-5LA-A55 | 37805-5LA-306 |
| | EX/EX-L (2WD) | LAA650 LA3070 | 37805-5LA-A65 | 37805-5LA-307 |
| | EX/EX-L (AWD) | LAA750 LA3080 | 37805-5LA-A75 | 37805-5LA-308 |
| | TOURING (2WD) | LAA850 LA3090 | 37805-5LA-A85 | 37805-5LA-309 |
| | TOURING (AWD) | LAA950 LA4050 | 37805-5LA-A95 | 37805-5LA-405 |

**WARRANTY CLAIM INFORMATION**

The normal warranty applies.

**Repair Procedure Driving Mode 1**

| Operation Number | Description | Flat Rate Time | Template ID | Failed Part Number | Defect Code | Symptom Code |
|---|---|---|---|---|---|---|
| 1120A2 | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.*NH167L* (**Graphite Black/Non Leather**) | 1.7 hrs | 15-046B | 06810-T0G-A01ZB | 03214 | 03217 |
| | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.*YR449L* (**Cashmere Ivory/Non Leather**) | | 15-046C | 06810-T0G-A01ZD | 03214 | 03217 |
| | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.*NH836L* (**Wisteria Light Grey/Non Leather**) | | 15-046D | 06810-T0G-A01ZE | 03214 | 03217 |
| 1120A2 | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints. *NH167L* (**Graphite Black/Leather**) | 1.7 hrs | 15-046E | 06810-T0G-V81ZC | 03214 | 03217 |
| A | **Add:** With Camera Aiming | 0.4 hr | 15-04E6 | | | |
| 1120A2 | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.*YR449L* (**Cashmere Ivory/Leather**) | 1.7 hrs | 15-046F | 06810-T0G-V81ZA | 03214 | 03217 |
| A | **Add:** With Camera Aiming | 0.4 hr | 15-04F6 | | | |
| 1120A2 | **Repair Procedure Driving Mode 1:** Install new radiator lower cushions, transmission mount, and front head restraints.*NH836L* (**Wisteria Light Grey/Leather**) | 1.7hrs | 15-046G | 06810-T0G-V81ZB | 03214 | 03217 |
| A | **Add:** With Camera Aiming | 0.4 hr | 15-04G6 | | | |

**Repair Procedure Driving Mode 2**

| Operation Number | Description | Flat Rate Time | Template ID | Failed Part Number | Defect Code | Symptom Code |
|---|---|---|---|---|---|---|
| 1255D2 | **Repair Procedure Driving Mode 2:** Update the PCM software and install tailgate damper kit. (**Non-Power Tailgate**) | 0.9 hr | 15-046H | 06748-T1W-305 | 03214 | 03217 |
| | **Repair Procedure Driving Mode 2:** Update the PCM software and install tailgate damper kit. (**Power Tailgate**) | 0.9 hr | 15-046J | 06748-T1W-306 | | |

Repair Procedure Driving Mode 3

| Operation Number | Description | Flat Rate Time | Template ID | Failed Part Number | Defect Code | Symptom Code |
|---|---|---|---|---|---|---|
| 1255D3 | **Repair Procedure Driving Mode 3:** Update PCM software.<br><br>NOTE: Do not use this information if a Driving Mode 2 claim is also submitted.  Driving Mode 2 already includes FRT for the software update. | 0.2 hr | 15-046L | 37805-5LA-305 | 03214 | 03217 |

Skill Level:    Repair Technician

## DIAGNOSIS

The service advisor must interview the customer to understand when the vibration is felt.  You must only perform the repair based on customer concerns.  If it is not specifically stated when the vibration is felt, then the service advisor must further interview the customer to better understand the customer complaint.

## REPAIR PROCEDURE – DRIVING MODE 1

1.  Open the hood and remove the four clips that attach the front grill to the bulkhead.



FRONT GRILLE
Pull forward.

2.  Remove the four clips from the front grill and slide the upper duct forward and remove it.



FRONT BUMPER
UPPER DUCT
Slide forward.

3.  Remove the front grill bracket.



**FRONT GRILLE BRACKET**

4.  Remove the horn bracket assembly.



**HORN BRACKET ASSEMBLY**

22 N·m (16 lb-ft)

5.  Remove radiator upper mount brackets.



**RADIATOR UPPER MOUNT BRACKET**

9.3 N·m (6.9 lb-ft)

6.  Remove the bulkhead upper frame bolts and temporarily insert a spacer on the driver's side of the bulkhead.



9.3 N·m (6.9 lb-ft)

**BULKHEAD UPPER FRAME**
① Pivot the frame up on the driver's side.

② Insert a spacer to keep the frame raised.

7.  Raise the vehicle and remove the lower splash shield.  Push the radiator assembly up, then towards the passenger side of the vehicle to gain better access to the lower radiator cushions.



**RADIATOR ASSEMBLY**

**INTERFERENCE**

**LOWER CUSHION**

8. Replace both lower mounting cushions.

NOTE: Make sure to install them correctly as shown.



9. Reinstall splash shield and lower the vehicle.

10. Remove the 12-volt battery.

NOTE:
- Make sure the vehicle is turned to the OFF (LOCK) mode.
- Always disconnect the negative side first.
- To protect the 12-volt battery sensor connector from damage, do not hold it when removing the terminal.
- Do not disconnect the 12-volt battery sensor from the cable.
- For more information see the applicable service information.

11. Move the PCM with bracket.



12. Remove the air cleaner housing and the housing bracket.



13. Support the transmission with a jack and a wood block under the transmission.

14. Disconnect the ground cable then remove the transmission mount.

15. Install the new transmission mount in the reverse order of removal.

   NOTE:

   - Install the transmission mount leaving the highlighted bolts slightly loose.
   - Loosen all highlighted bolts on the specific mounts.
   - Then tighten all bolts and nuts in the sequence as shown below.

**Tightening Sequence**

| Mount Removed | Mount Tightening Sequence |
|---|---|
| Side Engine Mount and Transmission | 1, 2, 3, 4, and 5 |
| Lower Torque Rod | 3 |
| Upper Torque Rod | 4 |
| Front Engine Mount | 5 |



**Tightening Torque**

| Mount No. | Mount Name | Mount Bolt/Nut Tightening Sequence | | |
|---|---|---|---|---|
| | | 1 | 2 | 3 |
| 1 | Side Engine Mount | 64 N·m (6.5 kgf·m, 47 lb-ft) | 74 N·m (7.5 kgf·m, 55 lb-ft) | 74 N·m (7.5 kgf·m, 55 lb-ft) |
| 2 | Transmission Mount | 59 N·m (6.0 kgf·m, 44 lb-ft) Replace. | 74 N·m (7.5 kgf·m, 55 lb-ft) Replace. | 74 N·m (7.5 kgf·m, 55 lb-ft) Replace. |
| 3 | Lower Torque Rod | 88 N·m (9.0 kgf·m, 65 lb-ft) | 93 N·m (9.5 kgf·m, 69 lb-ft) | |
| 4 | Upper Torque Rod | 74 N·m (7.5 kgf·m, 55 lb-ft) | 54 N·m (5.5 kgf·m, 40 lb-ft) | |
| 5 | Front Engine Mount | 74 N·m (7.5 kgf·m, 55 lb-ft) | 64 N·m (6.5 kgf·m, 47 lb-ft) | |



16. Remove the temporary spacer and reinstall all parts in the reverse order of removal.

17. Install the new front head restraints, then recalibrate the seat weight sensors.  Refer to the applicable service information.

18. *Touring model only*: Realign the radar unit.  Refer to the applicable service information.

**REPAIR PROCEDURE – DRIVING MODE 2**

NOTE:

- You **must** make sure the service advisor has reviewed the Customer Information Statement for Driving Mode 2 with the customer **before** the software update is performed.

- Verify that the service advisor has noted on the Customer Information Statement that he or she has reviewed the Customer Information Statement for Driving Mode 2 with the customer.

- The completed Customer Information Statement must be retained for future records and attached to the Repair Order before doing the software update, as this software may have a small impact on fuel economy.

1. Update the PCM with the applicable PC application and the MongoosePro Honda.

2. Click on J2534 Rewrite Special application from the shortcut on the desktop.



3. Enter the service bulletin number, then select **Start.**



4. Make sure the information on the screen is correct, then click **Start**.

PC application Version 1.0.0.2
Database Update 15-SEP-2015
Calibration Files: 20
NoticeDB version 02-SEP-2015



5. Make sure to follow the instructions on the screen to do the update, then click **Next.**

NOTE:
- Connect the PC to the MongoosePro Honda.
- At the vehicle, turn the ignition to ON, then connect the MongoosePro Honda to the vehicle's DLC.
- Click **Next** to continue.



6. Make sure to answer all of the following questions according to the customer's concern and follow the directions prompted during the software update.

NOTE:

- You **must** make sure the service advisor has reviewed the Customer Information Statement for Driving Mode 2 with the customer **before** the software update is performed.

- Verify that the service advisor has noted on the Customer Information Statement that he or she has reviewed the Customer Information Statement for Driving Mode 2 with the customer.

- The completed Customer Information Statement must be retained for future records and attached to the Repair Order before doing the software update, as this software may have a small impact on fuel economy.

## Tailgate Damper installation

1. Remove the tailgate upper and side trim panels.



2. Remove the tailgate pull pocket.

NOTE:

- Make sure to disconnect the connector on power tailgate-equipped vehicles.

- Be sure to use a trim removal tool to avoid damage.



3. Remove the tailgate lower trim panel.



4. Enlarge the two mounting holes for the dynamic damper by drilling the hole from 7 mm to 9 mm. Remove any burrs.



5. Cover any exposed metal with touchup paint and allow it to dry.

6. Install two threaded rivets in the recently drilled holes (using special tool 07AAZ-000A125).

7. Install the damper on the tailgate and torque the bolts to **9 N·m** (**6.8 lb-ft**).



8. Reinstall all tailgate trim panels in the reverse order of removal.

9. Replace the tailgate support struts.

NOTE:
- Power tailgate and non-power tailgate struts are different.
- Have an assistant help you when removing and installing the tailgate support strut.

## REPAIR PROCEDURE – DRIVING MODE 3

1. Update PCM software with the MongoosePro Honda.

NOTE: Based on customer complaint, answer the questions in order to **ONLY** install Mode 3.

2. Enter the service bulletin number, then select **Start.**



3. Make sure the information on the screen is correct, then click **Start**.

   PC application Version 1.0.0.2
   Database Update 15-SEP-2015
   Calibration Files: 20
   NoticeDB version 02-SEP-2015



4. Follow the instructions on the screen to do the update, then click **Next.**

   NOTE:
   - Connect the PC to the MongoosePro Honda.
   - At the vehicle, turn the ignition to ON, then connect the MongoosePro Honda to the vehicle's DLC.
   - Click **Next** to continue.



5. Be sure to answer all the following questions according to the customer's concern and follow the directions prompted during the software update.

   END



**Customer Information Statement**

Dear Customer:

Honda is pleased to announce it has released a software update designed to reduce vibration in the  2015 CR-V when the vehicle is driven between 1,000–1,200 rpm (at takeoff) ("Software").  This is an  **optional update** that can be installed in your vehicle if you happen to feel an unwanted amount of  vibration through the driver's seat when the car is operating in the driving condition described above.

Based on tests modeled after those developed by the EPA to calculate fuel economy ratings for new  vehicles, Honda has determined the Software may have a very small impact on the fuel economy you  achieve in your vehicle, in the order of approximately 0.70 mpg city/highway combined.  We advise you of  this potential impact so that you can make an informed decision as to whether to have the Software  installed in your vehicle.

Please note that this estimated fuel economy impact is based on standardized tests designed to reflect   "typical" driving conditions and driver behavior, but as the EPA has pointed out in connection with the  ratings released for new vehicles, a number of factors can and do significantly impact the mpg consumers  actually achieve, including:

1) How and where you drive, including road and environmental conditions.
2) Vehicle condition and maintenance, including vehicle loading and accessories.
3) Fuel variations.
4) Vehicle variations.
5) Engine break-in.

Please see https://www.fueleconomy.gov/feg/why_differ.shtml for further information.

If you have any further questions about the Software  (or anything else having to do with your 2015 CR-V), please feel free to speak with your authorized   Honda dealer, or contact Honda Automobile Customer Service directly, Monday through Friday, 6:00 am – 5:00 pm Pacific Time, at our toll-free number 1-800-999-1009, or via twitter at @HondaCustSvc.

Thank You!

Reviewed the Customer Information Statement with the customer and he or she has accepted the Repair Procedure for Driving Mode 2.

X_____

Service Advisor Signature

Date:_____

Reviewed the Customer Information Statement with the customer and he or she has declined the Repair Procedure for Driving Mode 2.

X_____

Service Advisor Signature

Date:_____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales Practices Litigation, | Case No.    2:15-md-2661 |
|  | Judge Michael H. Watson<br>Magistrate Judge Deavers |
| This document relates to:  ALL CASES |  |

## DECLARATION OF DR. ERIC WINKEL

I, Eric Winkel, declare the following under the penalty of perjury under the laws of the United States of America:

1.      I am an employee of Design Research Engineering (D.R.E.) and have been since 2007.  I am a Senior Project Engineer.  D.R.E. is located in Novi, Michigan.  I hold a doctorate in Mechanical Engineering from the University of Michigan, Ann Arbor.  I am also a Registered Professional Mechanical Engineer in the State of Michigan.  My curriculum vitae is attached hereto as Exhibit A.

2.      The information set forth in this declaration is based either upon my own personal knowledge, or was created or collected by persons regularly in the employ of D.R.E. working under my direction.  The persons who created and collected this information other than myself reported to me the information gathered and the contents of the information contained herein; wherefore, I state that the information contained in herein is true and correct according to information I created and information transmitted to me.   If called as a witness, I could and would testify competently to such facts under oath.

3.      D.R.E. was retained by American Honda Motor Co., Inc. ("AHM") to evaluate the efficacy of three (3) "Product Enhancements" that are described on Service Bulletin 15-046, Ex. B hereto, and to inspect and test certain 2015 CR-V vehicles for degree and intensity of vibration in their vehicles, including some of plaintiffs' vehicles as well as two exemplar vehicles.  D.R.E. also tested the vibration levels in a number of competitor vehicles.

4.      Although there are many different causes for vibration in vehicles, D.R.E's strategy was to test the absolute amount of vibration in each vehicle, and designed a scientifically reliable methodology by which to accomplish that goal.

**A.      Testing Methodology**

5.      To test the vehicles, we used equipment designed to measure human vibration exposure.  Among other things, we used a Seat Vibration Dosimeter (Svantek SV38V), a Hand-arm Vibration Dosimeter (Svantek SV105), and seat frame and seat back accelerometers.

6.      We used various types of instrumentation to record the vibration levels in these devices.  For example, for the seat and hand/arm data logging, we used a Svantek SV106 with six channels, three of which were recording results obtained from the Svantek SV38V and three of which were recording results from SV105, at a rate of 6,000 samples per second.

7.      To log the data obtained from the frame and seatback accelerometers, D.R.E. used a Pico-DAS-B data acquisition system made by EME Corp.  It has four input channels and collected data at a rate of 6,000 samples per second.  A digital switch closure on the Pico-DAS data acquisition system was utilized to trigger and synchronize other devices.  In addition, we used a magnetic roof-mounted GPS device to record the speed, acceleration, and path of the vehicle, and digital cameras mounted on the vehicle interior to video-document the testing. Video was recorded via the use of a VideoBox (RaceLogic) data and video logger into which

was connected to the GPS receiver, the dash and steering wheel video cameras, the vehicle's CAN-Bus (to record throttle, RPM and steering).

8.      The equipment used by D.R.E. is standard equipment recognized by experts in the field as being reliable for collecting, measuring, recording and documenting the information and test methodology noted above.

9.      D.R.E. tested a number of plaintiffs' vehicles.  D.R.E. also tested two exemplar 2015 CR-V vehicles (one of which was tested before and after the installation of the appropriate Product Enhancement).  D.R.E. also tested competitor vehicles (*e.g.*, two Nissan Rogues, a Jeep Patriot (2WD), a Jeep Patriot (4WD), a Ford Escape, and a Toyota Rav 4) using the same instrumentation and test protocols.

**B.      Testing Results**

Exhibit C contains results of the testing, which reveal the following information.  Driver exposure to vibration in the 2015 CR-V vehicles is: (1) comparable to (and in many cases less than) competitor vehicles; (2) of sufficiently low magnitude that it would not be expected to cause any discomfort based on established thresholds (both before and after installation of the Product Enhancements); and (3) specifically reduced in the idle condition with the installation of the Mode 1 Product Enhancement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 9, 2017 at Novi, Michigan.

By: _____
Eric S. Winkel, Ph.D., P.E.

EXHIBIT B-A                                                                 EXECUTION COPY



D E S I G N
R E S E A R C H
ENGINEERING

46475 Desoto Court
Novi, Michigan 48377
Tel: (248) 668 - 3450
Fax: (248) 668 - 3460

## Eric S. Winkel, Ph.D., P.E., CFEI

**Professional Specialization**

Specializes in marine engineering design, vessel and component design analysis, and failure investigation related to marine incidents. Peformed accident investigation and accident reconstruction involving watercraft ranging from personal watercraft to large commercial vessels. Extensive experience designing and executing experimental research aimed at the evaluation of full vehicle, system-level, and component-level performance on everything from watercraft to motorcycles to passenger vehicles. Also specializes in fluid mechanics, acoustics, dynamics and vibrations, structural analysis, and fracture mechanics along with other mechanical and marine engineering disciplines. Expertise and experience as a fire and explosion investigator.

Investigated, studied, and published on human kinematics and injury mechanics related to marine, automotive, and motorsports incidents. Past investigations related to injury causation analysis have ranged from spinal injuries to propeller strikes to slip and fall incidents.

Authored numerous technical articles on a variety of engineering disciplines and presented the results findings of his research to various professional associations. Worked on the development of instructional materials and information systems such as operator manuals and warning labels, related to recreational watercraft and motorsports products.

**Professional Background**
B.S.E. (Mechanical Engineering), University of Michigan - Ann Arbor, 2003
M.S.E (Mechanical Engineering) University of Michigan - Ann Arbor, 2004
Ph.D. (Mechanical Engineering) University of Michigan - Ann Arbor, 2007

**Senior Project Engineer,**
      Design Research Engineering
      2010-present
**Project Engineer,**
      Design Research Engineering
      2007- 2010
**Research Assistant,**
      Department of Mechanical Engineering, University of Michigan, Ann Arbor, MI
      2003-2007
**Undergraduate Research Assistant,**
      Department of Mechanical Engineering, University of Michigan, Ann Arbor, MI
      2001-2003

**Professional Licensure and Certification**
      Registered Professional Mechanical Engineer, Michigan, #6201061021
      Certified Fire and Explosion Investigator (CFEI) #22182-12732
      Certified Technician, American Boat and Yacht Council (Marine Electrical)
      Certified Technician, American Boat and Yacht Council (Marine Systems)

**Honors**
      Magna cum Laude, University of Michigan
      Rackham Merit Fellowship, University of Michigan

**Continuing Education**

- NASBLA Staged Boat Collisions (Sep 2007, Sep 2008, May & Sep 2009,Chester, VA)
- Training Seminar and Certification for the English XL Tribometer (Jan 2008, Tampa, FL)
- ASTM Conference on Pedestrian Safety (Jan 2008, Tampa, FL)
- NTSB Marine Accident Investigation – MS101 (Jan 2009)
- Faro Laser Scanner LS – Training Program (Dec 2009, Novi, MI)
- Chesapeake Power Boat Symposium (Mar 2010, Annapolis, MD)
- International Boatbuilder's Exhibition and Conference and Boating Industry Risk Management Council meetings (Oct, 2010 Louisville, KY)
- West Systems, Professional Level Workshop on Boat Repair (Oct 2011)
- International Boatbuilder's Exhibition and Conference, 3-day Educational Seminars (Oct 17-19, 2011)
- Advanced Marine Fire Investigation Course (May 29-30, 2014, Sayreville, NJ)
- SAE 2015 World Congress & Exhibition (Apr 21-23, 2015, Detroit, MI) – *technical paper presented*
- ABYC Marine Electrical Certification (Apr 19-22, 2016, Norfolk, VA)
- ABYC Marine Systems Certification (Aug 13-16, 2016, Sturtevant, WI)
- National Fire investigator Training Program (Mar 13-16, 2017, Richmond, KY)

**Memberships and Affiliations**

> Member, Acoustical Society of America
> Member, Society of Automotive Engineers
> Member, Society of Naval Architects
> Member, National Association of Fire Investigators
> Member, American Boat and Yacht Council
> Technical Paper Reviewer, Society of Automotive Engineers
> Technical Paper Reviewer, Traffic Injury Prevention

**Papers in Refereed Journals, Conferences and Symposium Proceedings**

"Focus Headform Testing Used to Evaluate Head Injury Risk for Ejected Riders of Personal Watercraft," Proceedings of the International Mechanical Engineering Congress & Exposition, American Society of Mechanical Engineers, IMECE 2017-72676, Nov 2017, Tampa, Florida (with C. Mkandawire, N.A. White, and E. Schatz) (as submitted for press)

"Evaluation of Air Bag Electronic Sensing System Collision Performance through Laboratory Simulation," Society of Automotive Engineers World Congress & Exhibition Occupant Protection: Safety Test Methodology, 2015 (with D. E. Toomey and R. Krishnaswami)

"Assessment of Compressive Thoracolumbar Injury Potential and Influence of Seat Cushions on Vertical Impact Loading of a Seated Occupant," *Society of Automotive Engineers Int. J. Passeng. Cars – Mech. Syst.,* 2015 (with D. E. Toomey and R. K. Taylor)

"Turbulence Profiles from a Smooth Flat-Plate Turbulent Boundary Layer at High Reynolds Number," *Experimental Thermal and Fluid Science*, 2012 (With J. M. Cutbirth, M. Perlin, S. L. Ceccio, and D. R. Dowling)

"The Mean Velocity Profile of a Smooth Flat-Plate Turbulent Boundary Layer at High Reynolds Number," *Journal of Fluid Mechanics*, 2010 (with G. F. Oweis, J. M. Cutbirth, S. L. Ceccio, M. Perlin, and D. R. Dowling)

"High-Reynolds-number Turbulent-Boundary-Layer Wall Pressure Fluctuations with Dilute Polymer Solutions," *Physics of Fluids,* 2010 (with B. R. Elbing., S. L. Ceccio, M. Perlin, and D. R. Dowling).

"Vehicle Chassis, Body, and Seat Buckle Acceleration Responses in the Vehicle Crash Environment," *Society of Automotive Engineers Int. J. Passeng. Cars – Mech. Syst.*, 2(1): 1151-1170, 2009 (with D. E. Toomey, E. M. Paddock, and R. Burnett)

"High-Reynolds-Number Turbulent Boundary Layer Friction Drag Reduction from Wall-Injected Polymer Solutions," *Journal of Fluid Mechanics*, 2009 (with G. Oweis, S. A. Vanapalli, D. R. Dowling, M. Perlin, M. J. Solomon, and S. L. Ceccio)

"Degradation of Homogeneous Polymer Solutions in Large Diameter, High Shear Turbulent Pipe Flow," *Experiments in Fluids*, 2009 (with B. R. Elbing, M. J. Solomon, and S. L. Ceccio)

"Bubble-Induced Skin-Friction Drag Reduction and the Abrupt Transition to Air-Layer Drag Reduction," *Journal of Fluid Mechanics*, 2008 (with B. R. Elbing, K. A. Lay, S. L. Ceccio, D. R. Dowling, and M. Perlin)

"High-Reynolds-Number Turbulent-Boundary-Layer Wall Pressure Fluctuations with Skin-Friction Reduction by Air Injection," *Journal of the Acoustical Society of America*, 2008 (with B. R. Elbing., S. L. Ceccio, M. Perlin, and D. R. Dowling).

"Investigation of Drag Reduction Methods by Air Injection beneath a Turbulent Boundary Layer at High-Reynolds-Number," 6th International Conference on Multiphase Flow, Leipzig, Germany, 2007 (with B. R. Elbing, M. Perlin, D. R. Dowling, and S. L. Ceccio)

"On Using Cross-correlations of Turbulent Flow-induced Ambient Vibrations to Estimate the Structural Impulse Response: Applications to Structural Health Monitoring," *Journal of the Acoustical Society of America,* 2007 (with K. G. Sabra, D. A. Bourgoyne, B. R. Elbing, S. L. Ceccio, M. Perlin, and D. R. Dowling).

"Friction Drag Reduction at High Reynolds Numbers with Wall Injected Polymer Solutions," 26th Naval Hydrodynamics Symposium, Sep 2006, Rome, Italy (with G. F. Oweis, S.A. Vanapalli, D. R. Dowling, M. Perlin, M. J. Solomon, and S. L. Ceccio).

"Bubble Friction Drag Reduction in a High Reynolds Number Flat Plate Turbulent Boundary Layer," *Journal of Fluid Mechanics*, Volume 552, 2006 (with W. C. Sanders, D. R. Dowling, M. Perlin, and S. L. Ceccio).

"High-Reynolds-Number Turbulent-Boundary-Layer Surface Pressure Fluctuations with Bubble or Polymer Additives," International Mechanical Engineering Congress and Exposition, American Society of Mechanical Engineers, 2005, Orlando, FL (with B. R. Elbing, D. R. Dowling, M. Perlin, and S. L. Ceccio).

"Turbulent Boundary Layer Drag Reduction at High Reynolds Numbers with Wall-Injected Polymer Solution," International Conference on Fast Sea Transport, June 2005, St. Petersburg, Russia (with D. R. Dowling, M. Perlin, and S. L. Ceccio).

"Influence of Bubble Size on Micro-Bubble Drag Reduction," International Conference on Fast Sea Transport, June 2005, St. Petersburg, Russia (with X. Shen, S. L. Ceccio, and M. Perlin).

"Drag Reduction by a Homogenous Polymer Solution in Large Diameter, High Shear Pipe Flow," 2nd International Symposium on Seawater Drag Reduction, May 2005, Busan, Korea. (with G. C. Garwood, S. Vanapalli, B.R. Elbing, D. T. Walker, S. L. Ceccio, M. Perlin, and M. J. Solomon)

"Bubble-size Distributions Produced by Wall Injection of Air into Flowing Freshwater, Saltwater, and Surfactant Solutions," *Experiments in Fluids*, Volume 37, 2004 (with S. L. Ceccio, D. R. Dowling, and M. Perlin)

"Bubble Drag Reduction at Large Scales and High Reynolds Numbers," 25th Symposium on Naval Hydrodynamics, Aug 2004, St. Johns, Newfoundland (with W. C. Sanders, J. Cho, E. Ivy, R. Etter, D. R. Dowling, M. Perlin, and S. L. Ceccio).

**Conference, Meeting or Symposium Papers & Presentations**

"Mean Profile of a high-Reynolds-number Smooth-flat-plate Turbulent Boundary Layer," American Physical Society – Division of Fluid Dynamics, 2010, Long Beach, CA (with D. R. Dowling, G. F. Oweis, J. M. Cutbirth, S. L. Ceccio, and M. Perlin)

"Air Layer Drag Reduction," American Physical Society, Division of Fluid Dynamics, 2008, San Antonio, TX (with S. L. Ceccio, B. R. Elbing, D. R. Dowling and M. Perlin).

"Air Layer Drag Reduction," American Physical Society – Division of Fluid Dynamics, 2007, Salt Lake City, UT (with B. R. Elbing, M. Perlin, D. R. Dowling, S. L. Ceccio).

"Near-wall PTV Measurements in a High-Reynolds-Number Flat-plate Turbulent Boundary Layer," American Physical Society, Division of Fluid Dynamics, 2007, Salt Lake City, UT (with G. F. Oweis, M. Perlin, S. L. Ceccio, and D. R. Dowling).

"High-Reynolds-Number Flat-Plate Turbulent Boundary Layer Measurements," American Physical Society Division of Fluid Dynamics, November 2006, Tampa Bay, FL (with J. M. Cutbirth, M. Perlin, S. L. Ceccio, and D. R. Dowling).

"Structural Monitoring from Noise Cross-Correlation," Acoustical Society of America, Summer Meeting, Jun 2006, Providence, RI (with K. G. Sabra, D. A. Bourgoyne, D. R. Dowling, S. L. Ceccio, M. Perlin, and W. A. Kuperman).

"PIV and LIF Measurements of a Turbulent Boundary Layer with Injected Drag-reducing Polymers at High Reynolds Numbers," American Physical Society, Division of Fluid Dynamics, 2005, Chicago, IL (with G. Oweis, D. R. Dowling, M. Perlin, and S. L. Ceccio).

"Development of a micro-PIV/ LIF System for the Study of High Reynolds Number Turbulent Boundary Layers," American Physical Society, Division of Fluid Dynamics, Nov 2004, Seattle, WA (with G. F. Oweis, D. R. Dowling, S. L. Ceccio).

"Bubble Size Measurements for Air Injected into a Turbulent Boundary Layer in Fresh Water, Salt Water, and Surfactant Solutions," American Physical Society, Division of Fluid Dynamics, Nov 2004, Seattle, WA (with S. L. Ceccio, D. R. Dowling, and M. Perlin).

"Drag Reduction in High Shear Turbulent Pipe Flow," American Physical Society, Division of Fluid Dynamics, Nov 2004, Seattle, WA (with G. Garwood, D. Walker, and S. L. Ceccio)

"High-Reynolds-Number Turbulent Boundary Layer Pressure Fluctuations With and Without Bubbles," American Physical Society, Division of Fluid Dynamics, Nov 2003, East Rutherford, NJ (with W. C. Sanders, S. L. Ceccio, D. R. Dowling, and M. Perlin).

"Bubble Friction Drag Reduction at High Reynolds Number," American Physical Society, Division of Fluid Dynamics, Nov 2003, East Rutherford, NJ (with W. C. Sanders, E. Ivy, J. Cho, S. L. Ceccio, D. R. Dowling, and M. Perlin).

"Flat Plate Turbulent Boundary Layer Measurements at High Reynolds Numbers," American Physical Society Division of Fluid Dynamics, Nov 2002, Austin, TX (with W. C. Sanders, C. Judge, E. Ivy, S. L. Ceccio, D. R. Dowling, and M. Perlin).

"Turbulent Boundary Layer Pressure Fluctuations at Large Scales and High Reynolds Number," Acoustical Society of America, Jun 2002, Pittsburgh, PA (with W. C. Sanders, C. Judge, D. R. Dowling, M. Perlin, and S. L. Ceccio)

## University Reports (non-refereed)

"Air-layer Induced Skin-friction Drag Reduction," University of Michigan Department of Naval Architecture and Marine Engineering, 2007, Report 352 (with B. R. Elbing, K. A. Lay, S. L. Ceccio, D. R. Dowling, and M. Perlin).

## Doctoral Dissertation

"High Reynolds Number Turbulent Boundary Layer Measurements and Skin-friction Drag Reduction with Gas or Polymer Injection," The University of Michigan, Ann Arbor, MI, January 2007.

## Vehicle Testing – Results (Overall Vibration Exposure)



# Vehicle Testing – Overall Hand Vibrations







## Vehicle Testing – Idle Seat & Seatback Vibrations





Honda CRV Vibration Analysis – P5969          Design Research Engineering

## Vehicle Testing – Results (Idle Vibration Pre- and Post C/M)





Design Research Engineering

**EXHIBIT C**                                             **EXECUTION COPY**



| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | HONG KONG | SAN FRANCISCO |
| ONE SOUTH DEARBORN STREET | BOSTON | HOUSTON | SHANGHAI |
| CHICAGO, IL 60603 | BRUSSELS | LONDON | SINGAPORE |
| +1 312 853 7000 | CENTURY CITY | LOS ANGELES | SYDNEY |
| +1 312 853 7036 FAX | CHICAGO | MUNICH | TOKYO |
| | DALLAS | NEW YORK | WASHINGTON, D.C. |
| | GENEVA | PALO ALTO | |

lkiser@sidley.com
+1 312 853 7247

FOUNDED 1866

<mark>DATE</mark>

Mr. Jeffrey B. Sessions (or states attorney general, as the case may be)
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

      Re:    Notice of Class Action Settlement under 28 U.S.C. § 1715
               In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales
               Practices Litigation, MDL No. 2661, (S.D. Ohio)

Dear Attorney General Sessions:

      This firm represents American Honda Motor Co., Inc. ("Honda.") Honda is a defendant in the above-referenced multi-district litigation, now pending in the United States District Court for the Southern District of Ohio before the Honorable Michael H. Watson. Under 28 U.S.C. § 1715, part of the Class Action Fairness Act of 2005, Honda serves you this notice that a proposed settlement of class actions consolidated in this multi-district litigation has been filed with the Court.

      The proposed settlement will resolve claims arising from disputed allegations that Honda's model-year 2015 CR-V is subject to substantial vibration and that Honda acted improperly in addressing and advertising vibration related repairs. The settlement, if approved, resolves all claims of the named class representative plaintiffs and all claims for injunctive and declaratory relief of all members of the settlement class relating to the sufficiency of notice and the existence and availability of product enhancements made available by Honda to address the alleged vibration. Honda does not believe Plaintiffs' claims are meritorious but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of litigation.

      As required by 28 U.S.C. § 1715(b), Honda must provide you with certain information about the case and the proposed settlement. Here is that information:

- The original and amended complaints and materials filed with the complaints are enclosed with this letter, 28 U.S.C. § 1715(b)(1);

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

**EXHIBIT C**                                                        **EXECUTION COPY**



Page 2

- Judge Watson's scheduled hearings in this matter [[on Dates]], 28 U.S.C. § 1715(b)(2);

- Because the proposed settlement involves class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the absent class members have no right to request exclusion from the settlement, 28 U.S.C. § 1715(b)(3)(A)(ii);

- Despite no requirement for such notice in the Federal Rules, the proposed settlement involves multiple additional notifications to various members of proposed class, copies of those notices are enclosed, 28 U.S.C. § 1715(b)(3)(B);

- A copy of the proposed class action settlement agreement is enclosed, 28 U.S.C. § 1715(b)(4);

- There is no "settlement or other agreement contemporaneously made between class counsel and counsel for" Honda, 28 U.S.C. § 1715(b)(5);

- No final judgment or notice of dismissal has yet been filed, 28 U.S.C. § 1715(b)(6);

- [[reasonable estimate of numbers of class members by state]], 28 U.S.C. § 1715(b)(7); and,

- There are no written judicial opinions relating to the items identified in § 1715(b)(3) – (6), 28 U.S.C. § 1715(b)(8).

You may find additional documents and information about this case online. Case documents are available on PACER and will be made available to class members and the general public on a website devoted to the settlement, located at [[address]].

Please contact me if you have any questions.

**EXHIBIT C**                                           **EXECUTION COPY**



Page 3

Sincerely yours,


Liv Kiser
Partner

Enclosures

ACTIVE 226813257

EXHIBIT D                                                    EXECUTION COPY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales Practices Litigation | Case No. 2:15-md-2661 |
|  | Judge Michael H. Watson |
|  | Chief Magistrate Judge Deavers |
| This document relates to:  ALL CASES |  |

## [PROPOSED] INJUNCTIVE RELIEF ORDER

The parties to the Litigation have submitted this Injunctive Relief Order providing for the injunctive relief prescribed in the parties' Stipulation of Settlement and Release ("Agreement").

The Court has considered the Agreement and all exhibits thereto and has entered Final Judgment in the Litigation.  The Court now adopts the parties' proposed Injunctive Relief Order providing for the Customer Outreach Program detailed below and ENJOINS Defendant American Honda Motor Co., Inc.'s ("AHM") as follows:

A.      **Terms of Injunction**

1.      All capitalized terms in this Injunctive Relief Order shall have the meaning ascribed to them in the Agreement unless otherwise stated.

2.      The Court enjoins AHM to implement the Customer Outreach Program provided for by Section 4 of the parties' Settlement Agreement until January 1, 2020, and finds that Honda began implementing the Customer Outreach Program by DATE, 2018, pursuant to the Preliminary Approval Order.

3.      AHM will continue to engage in the Customer Outreach Program directed to Settlement Class Members and Authorized Honda Dealers to confer benefits to the Settlement

**EXHIBIT D**                                                     **EXECUTION COPY**

Class as provided for in the Agreement.  AHM shall continue to be responsible for all costs

associated with Customer Outreach Program unless otherwise expressly provided for by the

Agreement.

      4.      AHM (or, in the instance of item (d) below, Class Counsel) shall take the

following steps (to the extent not already completed) with respect to the Customer Outreach

Program consistent with the timelines and conditions set forth in the Agreement:

     (a)     Prominently post on the Honda Owner Link website a message substantially
similar to that attached as Exhibit G to the Agreement.

     (b)     Implement a protocol to optimize web searches for terms related to 2015 Honda
CR-V unpleasant vibration so the 2015 Honda CR-V Owner Link website will
appear on or near the first "page" of Google search results for a period of no less
than one (1) year.  Under no circumstances shall the protocol be required to
remain active more than twelve (12) months after the Effective Date.

     (c)     Send by email (if possible), and otherwise by first class mail to last known
mailing addresses, letters substantially similar to the one attached as Exhibit H to
the Agreement to Settlement Class Members who complained to AHM about
unpleasant vibration in Settlement Class Vehicles and who have not had any
Product Enhancements performed.

     (d)     Disseminate letters substantially similar to that attached as Exhibit I to the
Agreement by email to all Settlement Class Members who contacted Class
Counsel regarding unpleasant vibration in 2015 Honda CR-Vs and who are not
already receiving notice pursuant to paragraph (c) above.

**EXHIBIT D**                                               **EXECUTION COPY**

    (e)      Send by email (if possible) and otherwise by first class mail to last known mailing addresses, letters substantially similar to the one attached as Exhibit H to the Agreement to Settlement Class Members who complained to AHM about unpleasant vibration in Settlement Class Vehicles after having at least one, but not all applicable Product Enhancements performed.

    (f)      Disseminate a message substantially similar to that attached as Exhibit J to the Agreement to Authorized Honda Dealers on a quarterly basis for a one-year period from the date the Settlement Website goes live to remind them about the vibration issues and the Product Enhancements.

    5.      If AHM is unable to comply with any of the deadlines set forth in the Agreement, AHM will receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

**B.     Limitations on Injunctive Relief**

    6.      Any actions by AHM determined in good faith to be reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of the Agreement or this Injunctive Relief Order. In the event that any obligation that AHM has agreed to undertake becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling, then AHM shall be released from performing such obligation after notice to the Court and Class Counsel. Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice (or the next business day if the tenth day falls on a weekend day or Court holiday).

**EXHIBIT D**                                           **EXECUTION COPY**

7.      The obligations of this Injunctive Relief Order shall expire January 1, 2020.

**IT IS SO ORDERED.**


_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

4

**EXHIBIT E**                                                          **EXECUTION COPY**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
*IN RE: AMERICAN HONDA MOTOR CO., INC., CR-V VIBRATION MARKETING & SALES PRACTICES LITIGATION,* CASE NO. 2:15-MD-02661

# If you own or lease a 2015 Honda CR-V, a proposed class action settlement may affect your rights.

*A federal court authorized this notice.  This is not a solicitation from counsel.*

The parties are seeking court approval of a proposed class action settlement involving unpleasant vibrations in model-year 2015 Honda CR-V vehicles.  Under the settlement, Honda is engaging in a Customer Outreach Campaign to provide information to drivers about unpleasant vibrations, including items such as the available product enhancements, the warranty coverage for those repairs, and reminding 2015 Honda CR-V owners of their right to engage in a dispute resolution process with Honda if they remain dissatisfied.

Your legal rights and options—and the deadlines to exercise them—are explained in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **RECEIVE SETTLEMENT BENEFITS** | No action on your part is required to benefit from the settlement. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

**QUESTIONS?  CALL 1-800-___-____ TOLL FREE**

**EXHIBIT E**                                              **EXECUTION COPY**

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**
1.      **Why is this notice being posted?**
2.      **What is this lawsuit about?**
3.      **Why is this a class action?**
4.      **Why is there a settlement?**

**Who Is Part Of The Settlement?**
5.      **How do I know if I am part of the settlement?**
6.      **If my 2015 Honda CR-V is not vibrating, am I included?**
7.      **I'm still not sure if I am included.**

**Settlement Benefits—What You Get**
8.      **What does the settlement provide?**
9.      **Is my 2015 Honda CR-V affected?**
10.     **What repairs are available?**
11.     **Will I have to pay for the repairs?**
12      **Are the repairs effective?**
13.     **What if I remain dissatisfied?**

**The Lawyers Representing You**
14.     **Do I have a lawyer in this case?**
15.     **How will the lawyers be paid?**

**Objecting To The Settlement**
16.     **How do I tell the Court that I don't like the settlement?**

**The Court's Fairness Hearing**
17.     **When and where will the Court decide to approve the settlement?**
18.     **Do I have to come to the hearing?**
19.     **May I speak at the hearing?**

**Getting More Information**
20.     **Are there more details about the settlement?**
21.     **How do I get more information?**

**EXHIBIT E**                                                    **EXECUTION COPY**

## BASIC INFORMATION

| **1.      Why is this Notice being posted?** |
|---|

This notice was posted to provide information for anyone who may own or lease a "Settlement Class Vehicle," which is any 2015 Honda CR-V distributed by American Honda Motor Co., Inc., in the United States, including its territories and Puerto Rico.

This notice was posted to alert you to a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of Ohio, and the case is known as *In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales Practices Litigation,*, Case No. 2:15-md-02661.  The people who sued are called Plaintiffs, and the company they sued, American Honda Motor Co., Inc., is called the Defendant.

| **2.      What is this lawsuit about?** |
|---|

The lawsuit claims (among other things) that Honda sold the 2015 Honda CR-V vehicle without disclosing that it is prone to unpleasant vibrations during certain driving modes (described more fully below), and that although Honda provided product enhancements designed to address the vibrations, it did not provide sufficient information to customers of the existence of the enhancements.  Honda denies that it did anything wrong.

| **3.      Why is this a class action?** |
|---|

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims.  All of these people are members of the proposed Class or proposed Class Members.  One court decides whether any proposed class can be certified and if so, then resolves the issues for all Class Members.  U.S. District Judge Michael H. Watson is in charge of this proposed class action.

| **4.      Why is there a settlement?** |
|---|

The Court did not certify a litigation class or decide in favor of Plaintiffs or Honda.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get the benefit of the settlement without further delay.  The Class Representatives and the attorneys think the settlement is best for the proposed classes.

**EXHIBIT E**                                                **EXECUTION COPY**

## WHO IS IN THE SETTLEMENT

To see if you will benefit from this settlement, you must first decide if you are a Settlement Class Member.

| **5.** | **How do I know if I am part of the settlement class?** |
|---|---|

If you are still not sure whether you are included, you can get more information at by looking at the other information on this website.  If you need help understanding your rights, you can call Class Counsel listed in Section 17 in this notice.

Judge Watson decided that everyone who fits this description is a Settlement Class Member:

> ***All persons or entities who own or lease any Settlement Class Vehicle in the United States, including its territories and Puerto Rico.***

Excluded from the Settlement Class are:  Honda, any entity that is a subsidiary of or is controlled by Honda, or anyone employed by Class Counsel; any judge to whom this case is assigned, his or her spouse, and members of the judge's staff; and anyone who purchased a Settlement Class Vehicle for the purpose of resale.

| **6.** | **If my 2015 Honda CR-V is not vibrating, am I included?** |
|---|---|

Yes.  All persons or entities who own or lease any 2015 Honda CR-V vehicle in the United States (including its territories and Puerto Rico, and who are not listed as excluded above) are members of the Settlement Class.  The information provided below, including the applicable warranty coverage and dispute resolution process, will apply should you feel unpleasant vibrations in the future.

| **7.** | **I'm still not sure if I am included.** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000.  You can also visit the website of the lawyers who were appointed by Judge Watson to represent the 2015 Honda CR-V owners by clicking here.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| **8.** | **What does the settlement provide?** |
|---|---|

In this lawsuit, Plaintiffs argued that although Honda had approved vehicle modifications, called Product Enhancements, to address unpleasant vibrations, the existence and availability of those Product Enhancements was not being adequately communicated to drivers who were experiencing (or who may in the future experience) vibration-related concerns and who have not yet obtained the Product Enhancements for their 2015 Honda

**QUESTIONS?  CALL 1-800-\_\_\_-\_\_\_\_ TOLL FREE**

**EXHIBIT E**                                                    **EXECUTION COPY**

CR-Vs. Plaintiffs also argued that drivers who were previously turned down by Honda dealerships for warranty coverage were not being told, once the Product Enhancements became available, to return for them.

The primary focus of the relief provided to the Settlement Class is to ensure that adequate information regarding the availability of the Product Enhancements is communicated to the Settlement Class through a Customer Outreach Program implemented by Honda. The Customer Outreach Program is designed to reach 2015 Honda CR-V owners and lessees in a variety of ways, including through mail and email to those who previously contacted Honda (*e.g.*, before the Product Enhancements became available) or Class Counsel who never had any of the Product Enhancements installed; through optimized web searches designed to drive traffic to a dedicated webpage on Honda's CR-V Owner Link website; and through four quarterly messages to Honda dealers encouraging them to identify Settlement Class Members who visit their dealerships for any reason and to alert them to the availability of the Product Enhancements.

The settlement also provides reminders (including in the notices described above and later in this notice below) about warranty coverage for the Product Enhancements and about Settlement Class Members' right to participate in a dispute resolution process with Honda if they remain dissatisfied, provided they satisfy certain eligibility requirements. (This settlement does not release any Settlement Class Members' legal claims for monetary relief against Honda or any other entity relating to the vibration, except for the Class Representatives do release all of their claims).

## 9. Is My 2015 Honda CR-V Affected?

Some 2015 Honda CR-V drivers have reported feeling an unpleasant vibration when driving and when stopped in gear.

Not every driver of a 2015 Honda CR-V experiences unpleasant vibration. If unpleasant vibrations do occur, such vibrations will be during one or more of the three driving modes listed below.

- <u>Driving Mode 1</u>: Vibrations may be present when stopped with vehicle in gear, for example at a stop light.
- <u>Driving Mode 2</u>: Vibrations may be present during low-speed driving—between 1,000–1,200 rpm.
- <u>Driving Mode 3</u>: Vibrations may also be present when driving around 40-50 mph—between 1,800–2,200 rpm.

## 10. What repairs are available?

Honda has issued Product Enhancements to its authorized dealerships via a Service Bulletin numbered 15-046. Your dealership will be able to access the bulletin directly, but you can also download a copy here.

**QUESTIONS? CALL 1-800-\_\_\_-\_\_\_\_ TOLL FREE**

**EXHIBIT E**                                        **EXECUTION COPY**

What product enhancement applies depends on when you feel unpleasant vibration. The product enhancements are specific to Driving Mode 1, Driving Mode 2, and Driving Mode 3.  For example, if you feel vibration only when stopped and with the vehicle in gear, the Driving Mode 1 product enhancement will likely be appropriate for your vehicle.  Your dealership will be able to talk with you about appropriate repairs for your vehicle.

## 11.    Will I have to pay for the repairs?

Not if your vehicle remains under warranty.  The length of warranty coverage depends on the Driving Mode.

For Mode 1 repairs, Honda's Powertrain Limited Warranty applies.  This warranty lasts through the earlier of 5 years or 60,000 miles.

For both Mode 2 and Mode 3 repairs, Honda's Emissions Control Systems Defects Warranty applies.  This warranty lasts through the earlier of 8 years or 80,000 miles.

If your vehicle remains under the applicable warranty, the dealer will diagnose your vehicle and provide parts and labor for the Product Enhancements at no charge.  Based on Honda's research, if you have not experienced any vibrations within the first few months of driving your 2015 Honda CR-V, you are unlikely to start feeling vibrations later on.

## 12.    Are the repairs effective?

Yes.  The vast majority of 2015 Honda CR-V drivers who have obtained the applicable Product Enhancements have not reported further vibration complaints or needed additional repairs.  This is consistent with Honda's research and the information Class Counsel has viewed.

In the rare event that you continue to feel unpleasant vibrations even after receiving the product enhancements, you should contact your dealer to inquire whether your vehicle requires additional service.

## 13.    What if I remain dissatisfied?

If you remain dissatisfied even after discussing your concerns with your dealership (and its management) and with Honda's Customer Service (at the number listed on the inside front cover of your Warranty Booklet), please remember you have the right to mediate or arbitrate under the procedure set forth in your Warranty Booklet provided you satisfy certain eligibility requirements.  This process provides an independent forum run by the National Center for Dispute Settlement (NCDS) and is available to you free-of-charge.

Although this class action settlement releases Settlement Class Members' rights to file certain legal claims for injunctive relief in the future, it does not bar Settlement Class Members from seeking to recover monetary damages.

**QUESTIONS?  CALL 1-800-___-____ TOLL FREE**

**EXHIBIT E**                                                              **EXECUTION COPY**

You may file a claim pertaining to your 2015 Honda CR-V at any time by calling NCDS toll-free at 877-545-0055. You may also write to NCDS at:

> National Center for Dispute Settlement
> P.O. Box 1108
> Mt. Clemens, MI 48046

The purpose of the NCDS process is to help informally and efficiently resolve any dispute between you and Honda. NCDS decision makers are impartial third parties who will listen to both you and Honda and decide what can be done to resolve the disagreement. NCDS's decision is not binding on you unless you agree to accept it. If you accept the decision, Honda will abide by it.

For more details about the process, please consult your Warranty Booklet (and the Customer Satisfaction section in particular) or call Honda's Customer Service at the number listed on the inside front cover of your Warranty Booklet.

## THE LAWYERS REPRESENTING YOU

### 14.    Do I have a lawyer in this case?

The Court has decided that lawyers from the law firms of Gibbs Law Group LLP and Isaac Wiles Burkholder Teetor, LLC are qualified to represent you and all Settlement Class Members. The law firms are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. You may contact the lawyers who were appointed to represent the 2015 Honda CR-V owners by clicking here.

### 15.    How will the lawyers be paid?

Plaintiffs' counsel will ask the Court to award attorneys' fees and litigation expenses. The parties have not negotiated amounts to be paid. Once a motion has been filed for fees and litigation expenses, it will be posted on the Settlement Website. The Court may award less than the amounts requested.

Class Counsel will also ask the Court to award payments from Honda to be made to the Class Representatives to compensate them for their efforts in bringing this lawsuit and as consideration for their release of their individual claims in the following amounts: (1) $4,000 to each plaintiff who submitted his or her vehicle for inspection and testing; and (2) $2,500 to each plaintiff who did not submit their vehicle for inspection and testing. Honda has agreed to make these payments. The Court may award less than these amounts.

Honda will also separately pay the costs to administer this Settlement.

QUESTIONS? CALL 1-800-___-____ TOLL FREE

**EXHIBIT E**                                                      **EXECUTION COPY**

## OBJECTING TO THE SETTLEMENT

### 16.  How do I tell the Court that I don't like the settlement?

If you are a Class Member, you can tell the Court that you object to the settlement and think the Court should not approve it.  To object to the settlement, you must send a letter to the following address saying that you object to the settlement on or before _____, 2018.

**In re: American Honda Motor Co., Inc., CR-V**
**Vibration Marketing and Sales Practices Litigation Objections**
**Address**
**State, City, Zip**

Your objection must include (i) your full name, current address, and current telephone; (ii) the model year of your Class Vehicle(s), as well as the vehicle identification number (VIN) of your Class Vehicle(s); (iii) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position; (iv) copies of any other documents you wish to submit in support of your position; and (v) your signature and the date.  In addition, you must provide a detailed list of any other objections submitted by you or your counsel to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.  If you or your counsel have not objected to any other class action settlements in any court in the United States in the previous five (5) years, you must affirmatively so state in the written materials provided in connection with your objection.

The filing of an objection allows Class Counsel or counsel for Honda to take your deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure to make yourself available for a deposition or to comply with discovery requests may result in the Court striking your objection and otherwise denying you the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

## THE COURT'S FAIRNESS HEARING

### 17.  When and where will the Court decide to approve the settlement?

The Court will hold a fairness hearing at _____ on _____, 2018, in the Joseph P. Kinneary U.S. Courthouse, Room 109, 85 Marconi Boulevard, Columbus, OH 43215. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Watson may listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel and whether to approve Class Representative payments.  After the

**QUESTIONS?  CALL 1-800-___-_____ TOLL FREE**

EXHIBIT E                                           EXECUTION COPY

hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make its decision.

**18.     Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge Watson may have. But you are welcome to come at your own expense.

**19.     May I speak at the hearing?**

If you would like to speak at the hearing about your objections to the settlement, you must add to your letter objecting to the settlement a statement that you intend to appear at the fairness hearing.  If you intend to appear at the fairness hearing through counsel, your objection must also state the identity of all attorneys representing you who will appear at the fairness hearing.

## GETTING MORE INFORMATION

**20.     Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can download a paper copy of the Settlement Agreement here.

**21.     How do I get more information?**

You can call 1-800-xxx-xxxx or you can view the other pages of this Settlement Website (www._____.com).  You may also contact the lawyers who were appointed to represent the 2015 Honda CR-V owners by clicking here or by calling 1-800-254-9493.

QUESTIONS?  CALL 1-800-___-____ TOLL FREE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re: American Honda Motor Co., Inc.,
CR-V Vibration Marketing and Sales
Practices Litigation

Case No. 2:15-md-2661

Judge Michael H. Watson
Chief Magistrate Judge Deavers

This document relates to:  ALL CASES

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT

The parties to this litigation have entered into a Stipulation of Settlement and Release ("Settlement Agreement").  Plaintiffs have filed a motion for preliminary approval of the settlement, which Defendant American Honda Motor Co., Inc. ("AHM") does not oppose.  The Court has read and considered the Settlement Agreement, all Exhibits thereto, and the parties' arguments in support of preliminary settlement approval and finds that there is sufficient basis for: (1) granting preliminary approval of the settlement; (2) certifying the proposed Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(2); (3) appointing Class Counsel for the Settlement Class; (4) appointing AHM as Settlement Administrator; (5) directing that the Settlement Class be notified of the proposed settlement in the form and manner proposed by the parties; and (6) setting a schedule for final settlement approval.

The Court now **GRANTS** the motion for preliminary approval and makes the following findings and orders:

**A.     Certification of the Settlement Class**

1.      The Court preliminarily certifies the following Settlement Class[1] pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure:

> All persons or entities who own or lease any Settlement Class Vehicle in the United States, including its territories and Puerto Rico.

Excluded from the Settlement Class are AHM, any entity that is a subsidiary of or is controlled by AHM, anyone employed by Class Counsel; any judge to whom this case is assigned, his or her spouse, and members of the judge's staff; and anyone who purchased a Settlement Class Vehicle for the purpose of resale.

2.      For purposes of settlement, the Court appoints Eric H. Gibbs and David K. Stein of Gibbs Law Group LLP and Gregory M. Travalio and Mark H. Troutman to serve as Class Counsel.

3.      For purposes of settlement only, the Court finds that applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for the following reasons. Joinder of all members of the Settlement Class in a single proceeding would be impractical because of their numbers and dispersion—the Settlement Class encompasses owners and lessees of approximately 340,000 vehicles across the United States.  Common issues exist among Settlement Class members; in particular, each Settlement Class Member's claims depend on whether certain 2015 Honda CR-Vs are prone to unpleasant vibration and whether AHM sufficiently notified 2015 CR-V owners and lessees about the existence and availability of the product enhancements as described in Technical Service Bulletin 15-046 (the "Product Enhancements").  Plaintiffs' claims are typical of those of the Settlement Class because

---

[1] All capitalized terms not otherwise defined in this Order shall take the meaning set forth in the Agreement.

2

Plaintiffs: (1) own or lease 2015 CR-Vs, which they allege are prone to unpleasant vibration; and (2) have claims arising from AHM's alleged failure to provide sufficient information to Plaintiffs and the Settlement Class, including of the existence and availability of the Product Enhancements. Plaintiffs and their counsel will fairly and adequately protect the interests of the Settlement Class; Plaintiffs have no interests antagonistic to those of the Settlement Class, and are represented by counsel experienced and competent to prosecute this matter on behalf of the Settlement Class. Finally, the Settlement Class may be certified under Rule 23(b)(2), as AHM acted on grounds that apply generally to the Settlement Class, such that the proposed injunctive relief is appropriate respecting the Settlement Class as a whole. The Court makes the foregoing findings solely for purposes of settlement.

**B.     Preliminary Approval of the Settlement**

4.      For purposes of settlement, the Court preliminarily approves the proposed settlement under Rule 23(b)(2) and Rule 23(e), finding that its terms appear sufficiently fair, reasonable, and adequate to warrant (1) dissemination of notice pursuant to the Class Action Fairness Act ("CAFA"); and (2) the implementation of the Notice Plan as described in the Settlement Agreement. The Court finds that the Settlement Agreement contains no obvious deficiencies, falls within the range of possible approval, and that the parties entered into the Settlement in good faith, following arms-length negotiations between their respective counsel with the assistance of neutral mediator Frank A. Ray.

5.      Within forty-five (45) days after the entry of this Order or as soon as reasonably practical thereafter, AHM shall implement the Customer Outreach Program set forth in the Agreement in the form substantially in the form attached to the Agreement as Exhibits G-J.

**C.     Notice Plan**

6.      The purpose of the Notice Plan is to provide information to interested members of the proposed Settlement Class.[2]

7.      The Court hereby approves the Notice Plan, the form and procedure for disseminating notice of the proposed settlement to the Settlement Class set forth in the Agreement.  The Court finds that the notice to be given constitutes reasonable and appropriate notice that satisfies the requirements of Rule 23(c)(2)(A) and Rule 23(e)(1).

8.      Within thirty (30) days of entry of this Order or as soon as reasonably practical thereafter, AHM, which shall serve as Settlement Administrator, will provide Class Counsel with a proposed protocol to optimize web searches for terms related to 2015 CR-V vibration.

9.      Within forty-five (45) days of entry of this Order, AHM will establish the Settlement Website. AHM will purchase keyword and phrase sponsorship on popular Internet search engines for a 180-day period so that Settlement Class Members who use those search terms will be directed to the Settlement Website.  The forms of notice provided for by the Notice Plan shall be substantially in the form of the documents attached as Exhibits C, E, G-J to the Settlement Agreement.

10.     AHM shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal official and the appropriate State official of each state in which a Settlement Class member resides. Honda shall file with the Court a certification of the date upon which it served the CAFA Notice within ten (10) days of its service its service of the Notice (or the next business day if on the tenth day the court is closed).

---

[2] Because the proposed settlement is certified pursuant to Fed. R. Civ. P. 23(b)(2), the parties are not required to provide individual notice to all affected settlement class members.  Fed. R. Civ. P. 23(c)(2), (e)(1).

11.     Within sixty (60) days after entry of this Order or as soon as reasonably practical thereafter, AHM shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that Notice was disseminated in a manner consistent with the Settlement.

12.     AHM shall bear costs of implementation of the Notice Plan and Settlement Website consistent with the terms of the Agreement, except AHM shall not be responsible for the costs of contacting Settlement Class Members who contacted Class Counsel prior to the execution date of the Agreement, and who are not already receiving notice regarding vibration in 2015 Honda CR-V vehicles.

**D.     Procedure for Objecting to the Settlement**

13.     Any Settlement Class Member who wishes to object to the Settlement must within one hundred and five (105) days of the date of entry of this Order, submit a written notice of objection to the address set forth on the Settlement Website.  To state a valid objection, an objecting Settlement Class Member must provide the following information in writing: (i) his/her/its full name, current address, and current telephone number; (ii) the model year of his/her/its Class Vehicle(s), as well as the VIN of his/her/its Class Vehicle(s); (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s); and (iv) copies of any other documents the objector wishes to submit in support of his/her/its position.  The objector must also sign and date the objection.  In addition, any objecting Settlement Class Member shall provide a detailed list of any other objections he/she/it previously submitted or which have been submitted on the objector's behalf (by, for example, the objector's counsel) to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member or his or her counsel has not objected to any other class action settlement in any court in the

United States in the previous five (5) years, he, she, or it shall affirmatively so state in the written materials provided in connection with the objection.

14.     Any objecting Settlement Class Member may appear at the Final Approval Hearing, provided the Settlement Class Member's written objection includes a statement of the Settlement Class Member's intent to appear.  If the Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the Settlement Class Member's written objection must also state the identity of any attorney who will appear at the Final Approval Hearing on the Settlement Class Member's behalf.  Any Settlement Class Member who does not comply with the deadlines and other specifications set forth in the Notice, the Agreement and/or this Order will be deemed to have waived any objections to the Settlement and may be barred from speaking or otherwise presenting any views at the Court's Final Approval Hearing.

15.     The filing of an objection allows Class Counsel and/or counsel for AHM to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, as well as to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objecting Settlement Class Member to make himself/herself/ itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.   If the Court finds the objection frivolous, or made for an improper purpose, the Court may tax the costs of any such discovery to the objecting Settlement Class Member (or his/her/its counsel).

16.     These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's

objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

**E.      Hearing and Briefing Schedule**

17.      The Final Approval Hearing, and a hearing regarding an award of Class Counsel Fees and Expenses shall be held on [_____ (at least 145 days after the entry of the order)] in the Joseph P. Kinneary U.S. Courthouse, Room 109, 85 Marconi Boulevard, Columbus, Ohio 43215.  At this Final Approval Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the Settlement Class and whether judgment should be entered on the terms stated in the Settlement; and (b) whether Plaintiffs' applications for attorney fees and expenses to ("Fee Applications") should be granted.

18.      Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of the request for final approval of the Settlement no later than sixty (60) days after the entry of this order.

19.      Plaintiffs' counsel shall file their Fee Applications no later than sixty (60) days after the entry of this Order.

20.      Any responses to Settlement Class Member objections shall be filed by no later than one hundred thirty (130) days after entry of this Order.

21.      The Court reserves the right to adjust the time and date of the Final Approval Hearing and related deadlines.  In that event, the revised hearing date or deadlines shall be posted on the Settlement Website, and the parties shall not be required to provide any additional notice to the Settlement Class.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

EXHIBIT G                                                       EXECUTION COPY

### Unpleasant Vibration in 2015 Honda CR-Vs

Some 2015 Honda CR-V drivers have reported feeling unpleasant vibration when driving and/or when stopped in gear. In response to these reports, Honda developed product enhancements, contained in Service Bulletin 15-046, to address complaints about unpleasant vibration.

Not every driver of a 2015 Honda CR-V experiences unpleasant vibration. If unpleasant vibrations do occur, such vibrations will be during one or more of the three driving modes listed below.

- Driving Mode 1: Vibrations may be present when stopped with vehicle in gear, for example at a stop light.

- Driving Mode 2: Vibrations may be present during low-speed driving—between 1,000–1,200 rpm.

- Driving Mode 3: Vibrations may also be present when driving around 40-50 mph—between 1,800–2,200 rpm.

If you experience unpleasant vibration, please contact your Honda dealership who can access Service Bulletin 15-046 directly, diagnose your concerns, and, if necessary, provide the appropriate product enhancements. You can also download a copy of the Service Bulletin [at URL, here].

Product Enhancements are provided free of charge under either (1) Honda's 5 year/60,000 mile (whichever occurs first) Powertrain Limited Warranty for the Mode 1 condition; or (2) Honda's 8 year/80,000 mile (whichever occurs first) Emissions Control Systems Defects Warranty for Modes 2 and 3.

Based on Honda's research, if you have not experienced any unpleasant vibrations within the first few months of driving your 2015 Honda CR-V, you are unlikely to start feeling them later on.

If you have had the product enhancements installed in your vehicle and remain dissatisfied, you should discuss your concerns with your dealership (and its management). If necessary, you can also contact Honda's Customer Service at the number listed on the inside front cover of your Warranty Booklet. If you remain dissatisfied, please remember you have the right to mediate or arbitrate under the procedure set forth in your Warranty Booklet provided you satisfy certain eligibility requirements. This process provides an independent forum run by the National Center for Dispute Settlement (NCDS) and is available to you free-of-charge.

**EXHIBIT G**                                              **EXECUTION COPY**

You may file a claim pertaining to your 2015 Honda CR-V at any time by calling NCDS toll-free at 877-545-0055.  You may also write to NCDS at:

National Center for Dispute Settlement
P.O. Box 1108
Mt. Clemens, MI 48046

Please also be advised that in 2015, some 2015 Honda CR-V owners filed several class action lawsuits against Honda.  The vehicle owners who filed class action lawsuits reached a settlement with Honda in January 2018.  The settlement will proceed through a court approval process that is expected to last several months.

You can learn more about the settlement and how it may affect you by visiting www._____.com or by dialing 1-800-___-____.  You may also visit the website of the lawyers who were appointed by a federal court to represent the 2015 Honda CR-V owners by clicking here.

**EXHIBIT H**                                        **EXECUTION COPY**

[Company Name]
[Street Address]
[City, ST ZIP Code]
[Date]

[Recipient Name]
[Street Address]
[City, ST ZIP Code]
[OR Email Address]

      RE: 2015 CR-V Unpleasant Vibration Complaint

Dear [Recipient Name]:

You are receiving this letter because our records show that you own or lease a 2015 Honda CR-V and have previously complained about unpleasant vibrations in your CR-V.  Even if you have received some repairs since then, you should still review this letter because it may provide additional information.

In response to complaints from certain 2015 CR-V customers about unpleasant vibration, Honda issued product enhancements designed to address those concerns. Honda described the product enhancements in Service Bulletin 15-046, which it then published to authorized, independent Honda dealerships and repair facilities. You can also download a copy of the Service Bulletin [at URL, here].

Service Bulletin 15-046 applies in the following conditions where unpleasant vibration may be experienced:

- **Driving Mode 1**: when stopped with vehicle in gear, for example at a stop light.

- **Driving Mode 2**: low-speed driving – between 1,000–1,200 rpm.

**EXHIBIT H**                                                  **EXECUTION COPY**

- <u>Driving Mode 3</u>: when driving around 40-50 mph – between 1,800–2,200 rpm.

If you are still experiencing unpleasant vibration, please contact your Honda dealer. Product Enhancements are being provided free of charge under either Honda's 5 year/60,000 mile (whichever occurs first) Powertrain Limited Warranty for the Mode 1 condition or Honda's 8 year/80,000 mile (whichever occurs first) Emissions Control Systems Defects Warranty for Modes 2 and 3.

If after receiving applicable product enhancements you remain dissatisfied, please communicate your concerns to your dealership (and its management) and with Honda's Customer Service (which you can reach at 1-800-___-____). If you still are not satisfied, you have the right to mediate or arbitrate under the procedures set forth in your Warranty Booklet, provided you satisfy certain eligibility requirements.  This process provides an independent forum run by the National Center for Dispute Settlement (NCDS).

To pursue a claim related to your 2015 Honda CR-V you can call NCDS toll-free at 877-545-0055.  You may also write to NCDS at:

> National Center for Dispute Settlement
> P.O. Box 1108
> Mt. Clemens, MI 48046

For more details about the process, please consult your Warranty Booklet (and the Customer Satisfaction section in particular) or call Honda's Customer Service at the number listed on the inside front cover of your Warranty Booklet.

Finally, please note that in 2015, certain 2015 Honda CR-V owners filed class action lawsuits pertaining to the unpleasant vibration. In the lawsuit, Plaintiff 2015 Honda CR-V owners alleged that although Honda had approved product enhancements to address the vibrations, the existence and availability of those product enhancements was not being adequately communicated to drivers who were experiencing (or who may in the future experience) vibration-related concerns.  Plaintiffs also alleged that drivers who were previously turned down

**EXHIBIT H**                                    **EXECUTION COPY**

by Honda dealerships for warranty coverage were not being told, once the product enhancements became available, to return for them.

Plaintiffs reached a settlement with Honda in January 2018.  The settlement will proceed through a court approval process that is expected to last several months.

You can learn more about the settlement and how it may affect you by visiting www.____.com or by dialing 1-800-___-____.  You may also visit the website of the lawyers who were appointed by a federal court to represent the 2015 Honda CR-V owners by clicking here.

***

If you have any further questions or would like more information, you can reach Honda Customer Service at the number listed on the inside front cover of your Warranty Booklet.


Very Truly Yours,


[Your Name]
[Title]

**EXHIBIT I**                                               **EXECUTION COPY**

[Company Name]
[Street Address]
[City, ST ZIP Code]
[Date]

[Recipient Name]
[Street Address]
[City, ST ZIP Code]
[OR Email Address]

Dear [Recipient Name]:

You are receiving this letter because our records show that you contacted our law firm about unpleasant vibrations in your 2015 Honda CR-V.

This letter provides you with more information about the unpleasant vibration, including product enhancements available at Honda dealerships to address such vibrations, what warranty coverage applies, and information about a proposed class action settlement.

**Unpleasant Vibration in 2015 Honda CR-Vs**

Not all 2015 Honda CR-V owners experience unpleasant vibration. If such vibrations at issue do occur, it will be during one or more of the three driving modes listed below. Some drivers experience vibration during only one of the modes, while others report that it occurs in two modes or even all three modes.

- Driving Mode 1: Vibrations may be present when stopped with vehicle in gear, for example at a stop light.

- Driving Mode 2: Vibrations may be present during low-speed driving— between 1,000–1,200 rpm.

**EXHIBIT I**                                    **EXECUTION COPY**

- ▪ <u>Driving Mode 3</u>: Vibrations may also be present when driving around 40-50 mph—between 1,800–2,200 rpm.

**What Repairs Are Available?**

Honda has developed product enhancements that it has issued to its dealerships along with appropriate instructions.  The instructions are listed in a Service Bulletin numbered 15-046.  Your dealership will be able to access the bulletin directly, but you can also download a copy [at URL, here].

What product enhancement applies depends on when you feel unpleasant vibration. The product enhancements are specific to Driving Mode 1, Driving Mode 2, and Driving Mode 3.  For example, if you feel vibration only when stopped and with the vehicle in gear, the Driving Mode 1 product enhancement will likely be appropriate for your vehicle.  Your dealership will be able to talk with you about appropriate repairs for your vehicle.

**Will I Have to Pay for the Product Enhancements?**

Not while your vehicle remains under warranty.  The length of warranty coverage depends on the Driving Mode.

For the <u>Mode 1</u> product enhancement, Honda's Powertrain Limited Warranty applies.  This warranty lasts through the earlier of <u>5 years or 60,000 miles</u>.

For both <u>Mode 2 and Mode 3</u> product enhancements, Honda's Emissions Control Systems Defects Warranty applies.  This warranty lasts through the earlier of <u>8 years or 80,000 miles</u>.

If your vehicle remains eligible under the applicable warranty, the dealer will diagnose the causes of the unpleasant vibration(s) and provide parts and labor to install one (or more, as applicable) of the product enhancements at no charge to you.  Based on Honda's research, if you have not experienced

EXHIBIT I                                                    EXECUTION COPY

any unpleasant vibrations within the first few months of driving your 2015 Honda CR-V, you are unlikely to start feeling them later on.

**Are the Product Enhancements Effective?**

Yes.  The vast majority of 2015 Honda CR-V drivers who have obtained the applicable product enhancements have not reported further vibration complaints or needed additional repairs.  This is consistent with Honda's research.

In the rare event that you continue to feel unpleasant vibrations even after receiving the product enhancements, you should contact your dealer to inquire whether your vehicle requires additional service.

**What if I Remain Dissatisfied?**

If you remain dissatisfied even after discussing your concerns with your dealership (and its management) and with Honda's Customer Service, you have the right to mediate or arbitrate under the procedure set forth in your Warranty Booklet at no cost to you, provided you satisfy certain eligibility requirements.  This process provides an independent forum run by the National Center for Dispute Settlement (NCDS).

You may file a claim pertaining to your 2015 Honda CR-V at any time by calling NCDS toll-free at 877-545-0055.  You may also write to NCDS at:

> National Center for Dispute Settlement
> P.O. Box 1108
> Mt. Clemens, MI 48046

The purpose of the NCDS process is to help informally and efficiently resolve any dispute between you and Honda.  NCDS decision makers are impartial third parties who will listen to both you and Honda and decide what can be done to resolve the disagreement.  NCDS's decision is not binding on you unless you agree to accept it.  If you accept the decision, Honda will abide by it.

EXHIBIT I                                                       EXECUTION COPY

For more details about the process, please consult your Warranty Booklet (and the Customer Satisfaction section in particular) or call Honda's Customer Service at the number listed on the inside front cover of your Warranty Booklet.

**The Class Action Settlement**

In 2015, several class action lawsuits were filed by 2015 Honda CR-V owners.  Our law firm has been appointed as Class Counsel on behalf of the vehicle owners.

We reached a settlement with Honda in January 2018.  The settlement will proceed through a court approval process that is expected to last several months.

There is a dedicated website with information about the settlement, which you may visit at www._____.com.  You can also learn more about the settlement by calling 1-800-___-____.

**What Does the Settlement Provide?**

In the lawsuit, Plaintiff 2015 Honda CR-V owners alleged that although Honda had approved product enhancements to address the vibrations, the existence and availability of those product enhancements was not being adequately communicated to drivers who were experiencing (or who may in the future experience) vibration-related concerns.  Plaintiffs also alleged that drivers who were previously turned down by Honda dealerships for warranty coverage were not being told, once the product enhancements became available, to return for them.

The primary focus of the relief provided is to ensure that Honda communicates appropriate information regarding the availability of the product enhancements to affected vehicle owners and lessees through a Customer Outreach Program.  The Customer Outreach Program includes sending letters like this one; optimizing web searches designed to drive

**EXHIBIT I**                                        **EXECUTION COPY**

traffic to a dedicated webpage on Honda's CR-V Owner Link website; and delivering four quarterly messages to Honda dealers directing them to inform Settlement Class Members who visit their dealerships for unpleasant vibration in their vehicles of the availability of the product enhancements.

The settlement also provides reminders about warranty coverage and about Settlement Class Members' right to participate in a dispute resolution process with Honda if they remain dissatisfied.

The dispute resolution process (and other legal avenues) remain available to you. Although the class action settlement releases Settlement Class Members' rights to file certain legal claims for injunctive relief in the future, it does not bar Settlement Class members (except for the named plaintiffs, who have released all of their claims) from seeking to recover monetary damages.

\*\*\*

If you have any further questions or would like more information, you can visit the settlement website, call us at 1-800-254-9493, or call Honda's Customer Service at the number listed on the inside front cover of your Warranty Booklet.

Sincerely,


Gibbs Law Group LLP

EXHIBIT J                                          EXECUTION COPY

# 2015 CR-V Vibrations

Currently Applies To: ALL 2015 Honda CR-Vs

On December 2, 2015, Honda issued Service Bulletin 15-046 "Vibration While Driving and/or Stopped in Gear." This Service Bulletin and the product enhancements provided therein were intended to address complaints by some 2015 CR-V customers that they were experiencing unpleasant vibration. In December 2015, several class action lawsuits were filed relating to the vibration issue.  Among other things, the plaintiffs alleged that when they complained about unpleasant vibration, some dealers indicated that the vibration did not exist, was an unknown issue or could not be addressed. These allegations were disputed throughout the litigation.

The vehicle owners who filed the class action lawsuits reached a settlement with Honda in January 2018.  The settlement will proceed through a court approval process that is expected to last several months. As part of the settlement, we have agreed to ensure that Honda authorized dealers are provided certain reminders as set forth below.

If any owners or lessees of a 2015 Honda CR-V visit your dealership and complain about unpleasant vibration, you should speak with them about the product enhancements in Service Bulletin 15-046 and determine whether those corrective measures are appropriate to resolve the vibrations.

**Reminder about Warranty Coverage**

We remind you that the product enhancements in Service Bulletin 15-046 are to be provided under warranty as follows:

For the Mode 1 product enhancement, Honda's Powertrain Limited Warranty applies.  This warranty lasts through the earlier of 5 years or 60,000 miles. For both Mode 2 and Mode 3 product enhancements, Honda's Emissions Control Systems Defects Warranty applies.  This warranty lasts through the earlier of 8 years or 80,000 miles.

**EXHIBIT J**                                          **EXECUTION COPY**

If a 2015 CR-V vehicle remains under the applicable warranty, you will diagnose the causes of the unpleasant vibration(s) and provide parts and labor to install one (or more, as applicable) of the product enhancements at no charge. Based on Honda's research, if a driver has not experienced any unpleasant vibrations within the first few months of driving his or her 2015 CR-V, he or she is unlikely to start feeling them later on.

**Drivers Who Remain Dissatisfied After the Product Enhancements are Installed**

If an owner or lessee remains dissatisfied even after obtaining all of the product enhancements in Service Bulletin 15-046, after discussing his or her concerns with you (and your management), please refer the customer to Honda's Customer Service (which the owner or lessee can reach at the number listed on the inside front cover of the customer's Warranty Booklet). If the customer remains dissatisfied, Honda Customer Service will remind the owner or lessee that she or he has the right to mediate or arbitrate under the procedure set forth in the owner or lessee's Warranty Booklet. This process provides an independent forum run by the National Center for Dispute Settlement (NCDS) and is offered free-of-charge to the consumer.